[No. 6,673.—In Bank.]

## WILLIAM S. CHAPMAN v. JOEL S. POLACK ET AL.

PATENT—LOCATION OF SIOUX HALF-BREED SCRIP.—In an action to quiet title, the plaintiff claiming under a United States patent, and the defendant under a State selection, and the evidence being substantially the same as in the *United States* v. *Chapman*, 5 Sawy. 528: *Held*, That the patent was void, and that the plaintiff was not entitled to recover.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

This is an action to quiet title, brought upon the patent involved in *The United States* v. *Chapman*, 5 Saw. 528, the plaintiff in this having been the defendant in that case.

*James F. Stuart* and *Moses G. Cobb*, for Appellants.

Chapman's entry of the land and improvements in contest with Sioux half-breed scrip was void *ab initio.* And if the entry was void, the patent issued on it was void also. (*Parker* v. *Duff,* 47 Cal. 562; *Easton* v. *Salisbury,* 21 How. U. S. 431; *Ladiga* v. *Roland et al.,* 2 id. 590; 5th vol. of Opinions of Attorneys-General U. S., 7–13; *Kissell* v. *St. Louis Public Schools,* 18 How. U. S. 27, 28, and cases cited; *Cunningham* v. *Ashley et al.,* 14 id. 377; *McGarrahan* v. *New Idria M. Co.,* 49 Cal. 331; *People* v. *Carrick,* 51 Cal. 325–328; *United States* v. *Chapman,* 5 Saw. 528.)   The rules, regulations, and practice of the United States Land Office Department, under the act of July 17th, 1854, in regard to Sioux half-breed scrip, required, that the power or letter of attorney must in all cases accompany the application to locate such scrip in the local land office; and the local land officers are prohibited from receiving such scrip for location without such power. (Copp's Land Laws and Decisions, 445.) "The Commissioner of the General Land Office has authority to make regulations respecting the disposal of the public lands; and such regulations, when not repugnant to acts of Congress, have the force and effect of laws." (*Poppe* v. *Athearn,* 42 Cal. 609; 1 Lester L. L. 46, No. 32, for the law of Congress; *Maguire* v. *Tyler,* 1 Black U. S. 202; *Barnard's Heirs* v. *Ashley's Heirs,* 18 How. U. S. 45; *Hosmer* v. *Wallace,* 47 Cal. 464–473; *Case of Joseph Bird* v. *State of California,* Copp's Land Laws and Decisions, 445; *Hildebrand* v. *Stewart,* 41 Cal. 387; *Hogan* v. *Winslow,* 45 id. 588; *Dunn* v. *Ketchum,* 38 id. 93; *Brady* v. *King,* 53 id. 44, 45; *Patterson* v. *Winn,* 11 Wheat. 381; *Patterson* v. *Tatum,* 3 Saw. 165–176; *Stoddard* v. *Chambers,* 2 How. 317, 318; *Easton* v. *Salisbury,* 21 id. 431, 432; *Reichart* v. *Felps,* 6 Wall. 160; *Morton* v. *Nebraska,* 21 id. 660; *Best* v. *Polk,* 18 id. 112; *Sherman* v. *Buick,* 93 U. S. 209, 216; *United States* v. *Schurz,* 102 id. 401.)

*George A. Nourse,* for Respondent.

The patent can not be declared void by this Court in this case, no matter under what circumstancs issued. It can only be vacated, if at all, at the suit of the United States—the

sovereignty issuing it—in a proceeding instituted for that purpose. (*Doll* v. *Meador*, 16 Cal. 295 ; *Waterman* v. *Smith*, 13 id. 373 ; *Moore* v. *Wilkinson*, id. 478 ; *Yount* v. *Howell*, 14 id. 465 ; *Teschemacher* v. *Thompson*, 18 id. 11 ; *Leese* v. *Clark*, id. 535 ; *Weber* v. *Marshall*, 19 id. 447 ; *Pioche* v. *Paul*, 22 id. 105 ; *Semple* v. *Hagar*, 27 id. 163 ; *Bagnell* v. *Broderick*, 13 Pct. 450 ; *Cooper* v. *Roberts*, 18 How. 176 ; *Hooper* v. *Scheimer*, 23 id. 249 ; *Field* v. *Seabury*, 19 id. 323 ; *Attorney-General* v. *Vernon*, 1 Vern. 277.)

The COURT :

The plaintiff's right to recover depends entirely upon the validity of his patent. If that is invalid, the judgment of the Court below must be reversed. The evidence in this cause is substantially the same as it was in the case of the *United States* v. *Chapman*, reported in 5 Saw. 528, in which the validity of the patent upon which the plaintiff bases his right to recover in this case, was involved. The Court in that case held it to be invalid. The evidence in this case as in that, shows that the application of the plaintiff to locate Sioux half-breed scrip which had not been issued to him was not accompanied by a power of attorney from the person to whom it had been issued. That the patent was issued to the plaintiff while a contest was pending in and undetermined by the United States Land Office, between him and the defendants, who are purchasers from the State of the land in controversy. That at the time of plaintiff's attempted location of the Sioux half-breed scrip upon the land, it was occupied by the defendants under a claim of title from this State, and that they had valuable improvements upon it. That the State selected this land as lieu land on the 15th day of January, 1868, and that at that time there was no pre-emption or other valid claim thereto.

In view of these facts, the findings and decision of the Court below can not be sustained.

Judgment and order denying the motion for a new trial reversed.