[No. 8,229.   Department One.—December 20, 1884.]

JOEL S. POLACK ET AL., RESPONDENTS, v. CLINTON GURNEE ET AL., APPELLANTS.

EQUITABLE ACTION — ADVERSE CLAIM TO REAL ESTATE— RESTITUTION OF PREMISES.—In an action to determine an adverse claim to real property, brought by a person in possession at the time the action was commenced, but who, during its pendency, is turned out of possession, a judgment in favor of the plaintiff may provide for a restitution of the premises; and such action is not thereby changed into one for the recovery of the possession of the land, but remains an equitable one.

ID.—USE AND OCCUPATION.—In such an action it is error for the court to render judgment for the value of the use and occupation of the premises for the time the defendants were in possession.

ID.—JURY TRIAL—WAIVER.—Where a case was set down by consent of counsel for trial before the court, and afterwards came on regularly for trial before the court without a jury, and the trial actually began, it is a waiver of a trial by jury.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. L. Barnes,* for Appellants.

*James F. Stuart,* for Respondents.

ROSS, J.—As the bill of exceptions in this cause, which consists of six hundred and thirteen pages of printed matter, most of which has no place in a bill of exceptions, contains no specifications calling in question the findings of fact made by the trial court, we must accept as conclusively established the facts set out in the findings. In view of those facts, that neither defendant Gurnee nor defendant Chapman acquired any title to or interest in the premises in controversy by virtue of the patent issued by the United States on June 1, 1869, to Daniel Freinere, and mesne conveyances thereunder, was shown by this court, in the case of *Chapman* v. *Polack,* 58 Cal. 553, and by the United States Circuit Court for California, in the case of *United States* v. *Chapman,* 5 Sawyer, 528. And the reason of those cases applied to the facts now, as well as then, appearing, sustain the title of the plaintiff, Mrs. Polack, to the disputed premises.

But it is urged on behalf of the appellants, that the judgment given by the court below is unwarranted by the pleadings; and further, that the character of the action was, against the objections and exceptions of the appellants, allowed to be changed from one in equity to an ordinary action in ejectment. In this, counsel is mistaken. The action has always been on the equity side of the court, and the *gravamen* of it has always been to determine the conflicting claims of the parties to the property in question. When the action was commenced, Mrs. Polack was in possession of the property through her tenant, Susenbeth, who,

with her husband, J. S. Polack, were made co-plaintiffs with her. The patent under which the defendants claimed was then outstanding, and based upon it Gurnee had then pending in one of the district courts of the State an action of ejectment, to recover a portion of the premises from Susenbeth. In contemplation of law there was not, under the averments of the complaint, nor is there upon the facts found in the case, any distinction between defendants Gurnee and Chapman. They occupy the same position. One of the purposes of the action, as originally commenced, was to enjoin, pending its determination, the prosecution of the action of ejectment brought by Gurnee against Susenbeth ; and it was also sought thereby to have the patent under which the defendants claimed declared invalid; or, if valid, that defendants be decreed to hold whatever title it conveyed in trust for Mrs. Polack, and be compelled to convey it to her. But, as already said, the main purpose of the action was to obtain a decree of the court, establishing the validity of Mrs. Polack's asserted title to the property, which was based upon certain selections made under and by virtue of the laws of the United States and of the State, and the invalidity of the title asserted by the defendants.

By various supplemental pleadings, the changes which occurred after the filing of the original complaint with respect to the property in controversy, and the claims of the respective parties thereto, were set out; chief among which was the fact that in an action brought for the purpose by the United States, in the Circuit Court for California, the patent under which the defendants assert title to the property was annulled and adjudged void; and the further fact that after the commencement of the action the defendants were put in possession of the property under a writ of re-restitution, issued out of one of the State courts in an action of forcible entry and detainer, which action had been, before the commencement of the present one, brought by Mrs. Polack and others, to recover possession of the property from Gurnee, and in which the county court had given her judgment, under which she had been restored to the possession; but which judgment was subsequently, by this court, reversed, and afterwards a writ of re-restitution issued out of the county court, under which the present defendants were put in possession and have since so remained.

But all this did not change the character of the action. It remained upon the equity side of the court, the main purpose of it being to procure the decree of the court determining the conflicting claims of the respective parties to the property—to have it determined that the title of the plaintiff, Mrs. Polack, thereto is good, and that the asserted title of the defendants thereto is invalid. It is true, that when the action was commenced Mrs. Polack was in possession, and that the defendants were subsequently restored to the possession, under the writ of re-restitution issued in the forcible entry and detainer action, and continued in possession to the time of trial and entry of judgment herein. It was for that reason, doubtless, that the court below, which adjudged the title of Mrs. Polack to the property in question good, and that defendants have no right or interest therein, included an order for a writ of restitution in her favor for the recovery of the possession of the property from defendants. And this, by reason of a section of the Code of Civil Procedure, to which the attention of counsel does not seem to have been attracted, as we find no reference to it in the briefs on either side. It is section 380, and reads: "In an action brought by a person out of possession of real property, to determine an adverse claim of an interest or estate therein, the person making such adverse claim and the persons in possession may be joined as defendants; and if the judgment be for the plaintiff, he may have a writ for the possession of the premises, as against the defendants in the action against whom the judgment has passed."

The reason of the rule that allows this to one who prevails in such an action when brought while out of possession, applies equally to one who prevails where, although in possession when action was brought, is subsequently and during its pendency turned out of possession. Therefore, the claim put forth on behalf of appellants, that the action was turned into one simply for the recovery of the possession of the land, is not well founded.

It is said that appellants were entitled to a jury trial. If it be conceded that in an action of this sort they were of right entitled to a trial by jury, because the court, as an incident to the main relief awarded the plaintiff, was authorized to and did also give judgment for the possession of the property, yet the rec-

ord shows a waiver of a jury trial. The bill of exceptions recites that the cause came on regularly to be heard on the third day of October, A. D. 1880, before the court sitting without a jury, both sides being represented by attorneys ; whereupon the defendants moved for judgment on the pleadings, and the motion being denied, defendants' counsel said : " Then, there being a prayer that they may be put in possession, I ask upon that a jury trial." The court properly refused it. The case was set down by consent of counsel for trial before the court, and afterwards came on regularly for trial before the court, without a jury, and the trial actually began. This was certainly a waiver of a trial by jury, conceding that defendants were of right originally entitled to one.

There was no prejudicial error in the admission in evidence of the documents to which objections were taken.

Looking at the whole case, we think the judgment and order right.

Judgment and order affirmed.

MCKEE, J., and MCKINSTRY, J., concurred.

January 16, 1885, the judgment was modified, and the following opinion filed :

The COURT.—The judgment rendered herein on the 20th of December, 1884, should be modified in one respect. The action was not ejectment, and the court below erred in giving the plaintiff judgment for the value of the use and occupation of the disputed premises for the time defendants were in possession.

Ordered, that the judgment rendered herein on the 20th of December, 1884, be and hereby is modified, so as to read as follows :

Order affirmed, and cause remanded, with directions to the court below to modify the judgment by striking therefrom the amount awarded the plaintiff as the value of the use and occupation of the property; and as so modified, **the judgment is** affirmed.

Hearing in Bank denied.