[No. 13443.   Department Two. — January 29, 1890.]

## F. F. ADAMS, APPELLANT, *v.* C. C. SEAMAN, RESPONDENT.

NEGOTIABLE PAPER — UNCERTAINTY AS TO AMOUNT — STIPULATION FOR ATTORNEY'S FEES — SET-OFF AGAINST INDORSEE BEFORE MATURITY. — A negotiable instrument must be made payable in money only, and without any condition not certain of fulfillment. A promissory note which would be otherwise negotiable by its terms is rendered non-negotiable, so as to be subject to set-off of debts due from the payee to the maker before assignment, as against an indorsee of the note before maturity, if it contains a clause stipulating conditionally that if suit should be commenced or an attorney employed to enforce payment of the note, a certain percentage on the amount of principal and interest accrued shall be paid as attorney's fees in such suit.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Haggin, Van Ness & Dibble,* and *Hunsaker & Britt,* for Appellant.

*F. W. Burnett,* for Respondent.

McFARLAND, J.—This action was brought by plaintiff upon what he alleges to be a negotiable promissory note made by defendant Seaman to the order of one O. S. Hubbell, and indorsed and assigned by Hubbell to plaintiff before maturity. Seaman, in his answer, pleads as set-off certain debts due him from Hubbell before the assignment. Plaintiff demurred to this part of the answer, and his demurrer was overruled. After trial, the court allowed certain of these set-offs, and gave judgment for plaintiff only for the balance due on the note, after deducting the set-offs. Plaintiff appeals from the judgment. The only question presented is, Was the instrument sued on a negotiable note?

The instrument would be negotiable, and in the hands of an indorsee before maturity not subject to any equities of the maker against the original payee, if it did not contain the following clause: "Should suit be commenced or an attorney employed to enforce the payment of this note, I agree to pay the additional sum of five per cent on principal and interest accrued as attorney's fees in such suit." The court below held that this clause rendered the note non-negotiable; and we think that the court was right in so holding.

When one man promises to pay money to another in the future, if he puts that promise in the form of a negotiable paper, he gives to the promise characteristics which do not belong at all to ordinary indebtedness. If A merely promises—either orally or by common writing

—to pay B one thousand dollars at the expiration of ten months, and during that time B becomes indebted to A on other transactions in the sum of five hundred dollars, the latter sum can be set off against the former; and it can be so set off against an assignee of B if it accrued before notice of assignment. But if the promise be made in the shape of a negotiable promissory note, then, if B indorse the note before the expiration of the ten months to a third party, the latter can compel A to pay him the whole amount of the note, no matter how many set-offs he may have against B. In order, however, for this to be so, the note must clearly comply with the requisites of negotiable paper. And one of the main requisites— in addition to negotiable words, such as payable "to order" or "bearer"—is absolute certainty as to the amount of money to be paid, a certainty which must appear on the face of the instrument. No part of the amount must depend on any contingency which may or may not happen, or upon the proof of any fact other than the genuineness of the instrument itself.

There have been many conflicting decisions in other states on the question whether, at common law, a promise in a note for attorney's fees, in case suit be brought, destroys the certainty which negotiable paper must have. The point has never been conclusively determined by this court; but in *Chase* v. *Whitmore*, 68 Cal. 548, the opinion of the court contains the following language: " Beside, the note provided for the payment of a reasonable attorney fee, and that, under our code, destroyed its negotiability. In other states, the rule is not uniform upon the subject, some of them holding that such a promise does, and others that it does not, destroy the negotiable character of the instrument." It is contended by appellant that *Chase* v. *Whitmore* is not conclusive authority on the point, because in that case the assignment was made after the maturity of the note, and the language quoted was not necessary to the decision,

and therefore *dictum.*   This is true; but as the point appears to have been quite elaborately considered, and as the opinion was concurred in by the whole court in Bank, what was said is entitled to great weight, if it be not taken as authority in the strict sense.   The language there employed was directly based on the provisions of our Civil Code upon the subject, and we think that it correctly applied the meaning of the code to the question under discussion.   Section 3087 of article 1, chapter 1, title 15, Civil Code, is as follows: " A negotiable instrument is a written promise or request for the payment of a certain sum of money to order or bearer, in conformity to the provisions of this article."   Section 3088 (same article) provides that " a negotiable instrument must be made payable in money only, and *without any condition not certain of fulfillment.*"   Section 3093 is as follows: " A negotiable instrument must not contain any other contract than such as is specified in this article."   There are other sections in the article not material here.   These code provisions were evidently intended to remove, and they do remove, all doubt which conflicting judicial decisions had thrown over such questions as the one arising in the case at bar.   Under them an instrument is not negotiable if it have "any condition not certain of fulfillment." In the case at bar, the instrument, in addition to the main sum, which is to be paid absolutely, provides for another sum to be paid, not only upon the contingency of a suit being brought, but also upon the other condition of the employment of an attorney.   It makes no difference that five per cent is adopted as the measure of the attorney's fee should the contingency of the employment of an attorney happen, — even admitting that a court would be absolutely bound to allow, in the event of a suit, the whole amount of attorney's fee mentioned in the instrument, which is itself a doubtful proposition. (*Bank of Woodland* v. *Treadwell,* 55 Cal. 379.)   An attorney's fee, no matter how estimated, was not to be paid

unless "suit be commenced or an attorney employed,"—
each being a "condition not certain of fulfillment."
We think, therefore, that the instrument sued on was
not, in the sense of current commercial paper, a negoti-
able promissory note.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.