DOE *v.* WATERLOO MIN. Co., (two cases.)

*(Circuit Court, S. D. California.  August 8, 1890.)*

MINES—ADVERSE SUIT—EQUITY.

A suit brought pursuant to Rev. St. U. S. § 2326, which provides that one who has filed in the land-office an adverse claim to an application for patent shall "commence proceedings in a court of competent jurisdiction to determine the question of the right of possession," is cognizable in equity.

In Equity. On demurrer to bill.

*C. J. Perkins* and *Mesick, Maxwell & Phelan,* for complainant.

*A. H. Ricketts,* for defendant.

Ross, J. These suits were commenced in one of the superior courts of the state, pursuant to the provisions of sections 2325, 2326, Rev. St. U. S. It is by those sections in substance enacted that a person who has located and set up a claim for mineral land, and who desires to get a patent for it, shall file in the proper land-office an application for such patent, showing a compliance with the laws on that subject, and a plat and field-notes of the claim, and shall post a copy of such plat, with a notice of the application for the patent, in a conspicuous place on the land for 60 days. If no adverse claim for the same is filed with the register and receiver within 60 days from this publication, and if the papers are otherwise in proper form, the patent shall issue; but where an adverse claim is filed during the period of publication, it shall be upon oath of the person making the same, showing the nature, boundaries, and extent of his claim, and all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be thereupon stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived; and "it

shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim." Both suits were removed from the state court to this court on motion of the defendant, and here defendant filed, to the original complaint, in case numbered 160, a plea in abatement, in which it was alleged that the suit had not been commenced at the date indicated by the record, nor within 30 days after the filing by the plaintiff of his protest in the land-office. To this plea a replication was filed by the plaintiff, and the issue of fact thus raised was, against the objection and exception of the defendant, referred by the court to the master in chancery to take testimony and report the same, together with his conclusions, to the court, which was done, and the plea found and adjudged to be false, and therefore overruled. Subsequent to the filing of the plea the defendant interposed a demurrer to the complaint, which is now here for determination.

In case numbered 161 the defendant filed in this court a demurrer to the original complaint, and a motion to strike out certain portions of it, which motion, after argument, the court denied. The demurrer was confessed by the plaintiff for the reason, as stated by his counsel, that an exhibit attached to the complaint when filed had in some way disappeared from the record, and he was given leave to amend. The ground of the objection made by the defendant to the reference to the master in case numbered 160 and in support of the motion to strike out in case numbered 161 was that the suits were actions at law, and, therefore, that in the one case the reference was improper, and in the other, that the matter sought to be stricken out had no place in a complaint in an action at law. On the other hand, the plaintiff contended that the suits were on the equity side of the court, and, that being the ruling of the court, the plaintiff in amending his complaint in case numbered 161 gave it the formal fashion of a bill in equity. To this bill the defendant filed the demurrer now here for decision in case numbered 161.

Both demurrers raise the same point, which is, in substance, that the suits should be dismissed for the reason, as it is contended, that the bill of complaint in each case shows upon its face that the complainant has a full, adequate, and complete remedy at law by the ordinary action of ejectment, or some other legal remedy, not, however, specifically pointed out by counsel. In support of his position counsel for defendant has filed three elaborate briefs, in which are cited a vast number of authorities, very few of which, in my opinion, are at all applicable to the present cases. It seems to me to be entirely clear that the proceeding directed and authorized by section 2326 of the Revised Statutes has no relation whatever to the action of ejectment, or to any other common-law action. Those actions are for the recovery of some specified property or thing. "Actions," says Chitty, "are, from their subject-matter, distinguished into real, personal, and mixed. Real actions are for the specific recovery of real property only, and in which the plaintiff, then

called the demandant, claims title to lands, tenements, or hereditaments. * * * Personal actions are for the recovery of a debt or damages for breach of a contract, or a specific personal chattel, or a satisfaction in damages for some injury to the person, personal or real property. In mixed actions, which partake of the nature of the other two, the plaintiff proceeds for the specific recovery of some real property, and also for damages for an injury thereto, as in the instances of ejectment, or of waste, or *quare impedit*." 1 Chit. Pl. 97. In such actions the judgment is and always was, if in favor of the plaintiff, that he "have and recover;" or, if against him, "that he take nothing;" and for defendant, that he "have and recover his costs." And execution went for the satisfaction of such judgment. But, manifestly, in the proceeding contemplated by the statute in question no such judgment can be rendered. The proceeding there provided for has not for its object the recovery of the possession of the mining ground, nor is possession made by the statute the test of either party's right. Whether in or out of actual possession, to make his protest against the issuance of a patent to his adversary available the contestant must commence the statutory proceeding within the prescribed time. The sole object of the proceeding in court is the determination of the contest that arose in the land-office, the point of which is, which of the applicants, if either, is entitled to receive the patent from the government. The right of possession referred to in the statute under consideration is not the right which flows from and is a part of the title or ownership of private land, and which is enforced in an action of ejectment by the recovery of the land. It has no relation to such a right, but it is the right that flows from a compliance with the laws prescribed by congress for the acquisition of the government patent for mineral lands. Such a right never was, and never could be, the subject of any common-law action, and its determination, therefore, on the equity side of the court, cannot be, as argued for the defendant, a violation of that provision of the constitution which declares that the right of trial by jury shall be secured to all, and remain inviolate forever. That language, as said by Judge FIELD, in *Koppikus* v. *State Capitol Commissioners*, 16 Cal. 248, "was used with reference to the right as it exists at common law. * * * It is a right 'secured to all;' and inviolate forever, in cases in which it is exercised in the administration of justice, according to the course of the common law, as that law is understood in the several states of the Union."

The proceedings here in question are purely statutory, and they had their inception, not in the court in which the suits were commenced, but, as said by the supreme court in *Wolverton* v. *Nichols*, 119 U. S. 488, 7 Sup. Ct. Rep. 289, by the assertion of the defendant's claim to have the patents issue to it for the land in controversy. The next step was the filing of an adverse claim by the plaintiff in the land-office, and the present suits are "but a continuation of those proceedings, prescribed by the laws of the United States, to have a determination of the question as to which of the contesting parties is entitled to the patents. The act of congress requires that the certified copy of the judgment of the court

shall be filed in the land-office, and shall be there conclusive. And we must keep this main purpose of the action in view in any decision made with regard to the rights of the parties." In that case, a statute of Montana, where the case arose, provided for the bringing of an action by any person in possession, by himself or his tenant, of real property, against any persons claiming an adverse interest therein, for the purpose of determining such adverse claim. A nonsuit was granted by the district court, and affirmed by the supreme court of the territory, upon the ground that the plaintiffs were not in possession of the property at the time of the bringing of the suit; but the supreme court held that as the suit was brought pursuant to the provisions of sections 2325 and 2326 of the Revised Statutes, the view taken by the territorial court of the local statute was too restricted, and accordingly reversed the judgment. In California, the statute authorizing the bringing of an action to determine conflicting claims to real property does not require that the party bringing it shall be in possession of the property. Code Civil Proc. § 738. Under this statute the state court has held that any and every species of adverse claim may be determined, and that it is not now necessary, as formerly, that the plaintiff should first establish his right by an action at law. *Castro* v. *Barry*, 79 Cal. 446.[1] See, also, *Holland* v. *Challen*, 110 U. S. 15, 3 Sup. Ct. Rep. 495; *Reynolds* v. *Bank*, 112 U. S. 405, 5 Sup. Ct. Rep. 213. That the suit provided for by section 738 of the state Code is, in the state court, an equitable proceeding has been repeatedly decided by the supreme court of the state. In *Polack* v. *Gurnee*, 66 Cal. 266, 5 Pac. Rep. 229, 610, it was held that the fact of the plaintiff being out of possession, and defendant being in,—the parties, in that respect, having changed places during the pendency of the suit,—did not change the character of the action. "The action," said the court, "has always been on the equity side of the court, and the *gravamen* of it has always been to determine the conflicting claims of the parties to the property in question." If section 738 of the Code of Civil Procedure of California was the appropriate section under which to institute the proceeding, directed and authorized by section 2326 of the Revised Statutes, and under which the present suits were in fact commenced, it is apparent that in the state court these suits were upon the equity side of the court, and their removal here did not change their nature. But, regardless of the state statute referred to, I am of opinion that these suits are special statutory proceedings, which, in the absence of a statutory provision that there shall be a jury trial in them, belong, from their nature, on the equity side of the court. Not only is the right the court is required to determine not the appropriate subject of an action at law, but the sole purpose of its judgment is for the guidance of the land department. No writ of any nature issues for its enforcement, but a certified copy of it is required to be filed with the officers of the land department, and they required to act in accordance with it. Congress saw proper to refer contests for mineral lands to the courts for trial; but it need not have done

[1] 21 Pac. Rep. 946.

so. It could have directed such contests to be tried by the officers of the land department, just as contests respecting pre-emption claims and rights are required to be tried. Did anybody ever hear that either party's constitutional right to a trial by jury was violated by the requirement that the last-mentioned contests be tried by the officers of the land department? The truth is, in each case the property belongs to the government, which it is willing to convey to the party who has complied with the laws established for its disposition, and the question to be determined in cases of contest is, which of the parties, if either, has complied with those laws, and therefore acquired the right to the privilege given by the government. The present cases are strictly analogous to the cases of contests frequently arising in the state land-office respecting the right to purchase lands from the state, and which, by a state statute, are authorized, and under certain circumstances required, to be determined by a court of competent jurisdiction. In such cases no one has ever claimed, so far as I am aware, that either party had a constitutional right to a trial by jury. It is true that in such cases juries are sometimes, perhaps often, impaneled, as they are in cases brought under section 2326 of the Revised Statutes; but in these, as in other equity cases, the verdict, I think, is but advisory to the court. In each case an order will be entered overruling the demurrer, with leave to the defendant to answer within the usual time.