JOHN CUNNINGHAM v. MARGARET W. HOLMES.

FILED DECEMBER 17, 1902.   No. 12,215.

Commissioner's opinion, Department No. 1.

Promissory Note: ESCROW: BONA-FIDE PURCHASER. Where a negotiable promissory note has been, before its maturity, duly indorsed and delivered in escrow, with the contract of its purchaser to convey it in consideration of it certain land, and proceedings were necessary to enable the purchaser of the note to convey the land and carry out the contract for which the note was taken, the fact that such proceedings were not completed, and the contract not fulfilled, and the note not delivered by the depositary to the purchaser until after it matured, will not deprive the buyer of the rights of a bonafide purchaser before maturity, where he has completed the transaction in ignorance of any defense.

ERROR from the district court for Dawson county. Action in the nature of assumpsit on one promissory note. Tried below before SULLIVAN, J.   Verdict and judgment for plaintiff.  Defendant brings error.  *Affirmed.*

*Cook,* for plaintiff in error.

*Warrington* and *Blessington, contra.*

HASTINGS, C.

At the trial of this case the district court instructed the jury at the close of the evidence to return a verdict for the plaintiff for the full amount of the note sued upon, with interest. From a judgment on this verdict the defendant brings error. He complains of errors: (1) By instructing in favor of the plaintiff; (2) by instructing in favor of the plaintiff for the full amount of the note and interest; (3) by instructing that plaintiff was an innocent holder for value. Other assignments raise the same questions in general terms, and the seventh one is that the court erred in overruling a motion for a new trial. The sole question arising, therefore, is whether or not it was error for the trial court to tell the jury to return this verdict for the full amount of the note and interest.

The note itself is as follows:

"$200.00.                    LINCOLN, NEB., Oct. 22, 1895.

"Oct. 1, 1896, after date, for value received, we or either of us, promise to pay to the order of Alfred Millard two hundred dollars at the Lexington Bank, Lexington, Neb., with interest at ten per cent. per annum, payable annually from maturity. It is expressly understood and agreed that all the makers of this note are principals thereon: the indorsers severally waive presentment for payment, protest, and notice of protest, and notice of non-payment of this note, and all defense on the ground of any extension of the time of any of its payment or any part thereof that may be given by the holder or holders to them or either of them.          (Signed) JOHN CUNNINGHAM."

Plaintiff claims to have purchased it before maturity in the usual course of business, without notice of any defenses. Defendant admitted signing the note; says that no consideration was given for it by the payee; that defendant's signature was obtained by one Darr, cashier at the time of the Lexington Bank, by representing that the note was in favor of the bank and the renewal of one held

by it against Peter Kelley, and on which defendant was surety; that defendant is unable to see well, and the note being·upon the blank used by the bank, defendant signed it without observing that it was to a different payee; that it was agreed that Kelley was to sign the note before it should be binding upon defendant; that Darr well knew the representations to be false and made them for the purpose of defrauding defendant; that the payee had no interest in the note then or ever; that the indebtednss on the note for which this was to be a renewal, was incurred by a loan in 1887 or 1888 of $75 by the bank to Peter Kelley; that at the time of making the loan the agreement between the bank and Kelley was for the payment of 18 per cent. per annum interest; that this debt was renewed from time to time, and usurious interest paid and contracted for, and that Darr represented to defendant that the note sued on was a further renewal of this indebtedness. Defendant alleged that Kelley had paid as interest on the usurious loan more than the amount obtained by him, and that the claim of the bank had been satisfied. He denied plaintiff's allegations of purchase without notice before maturity.

Defendant's counsel in this court apparently concedes that the usury and fraud in the note, if it exists, would not amount to a defense if the plaintiff was, as the trial court held, a bona-fide purchaser before maturity. The evidence adduced by the defendant, however, is sufficient to entitle him to have the case submitted to the jury as to these defenses, unless they are prevented by the *bona fides* of plaintiff's purchase.

The question as to whether or not plaintiff is a bona-fide holder before maturity, rests upon the deposition of the plaintiff and the evidence of Darr. Plaintiff's evidence is to the effect that she purchased the note from Darr and C. F. Spencer; that she took it in part payment for some real estate that she sold them; that at the time she knew of no defenses to the note, nor any claim of such defenses; that she conducted the transaction personally, and made

inquiries as to the responsibility of the defendant and learned that he was considered financially good for the amount of the note.

It appears that the contract for the real estate, in consideration of which plaintiff claims to have taken the note, was entered into May 16, 1896. It recited the sale of certain real estate by the plaintiff to Darr and Spencer "for the consideration of $400 cash and one promissory note of J. Cunningham for $200 and interest thereon from October 1, 1896," and deeds for certain property in the city of Lexington. The cash was to be deposited in a Lexington bank. The Cunningham note and the deeds of Darr and Spencer to plaintiff for the property she was getting, and a check for $400 were to be deposited with E. A. Cook, to be held until the completion of the trade by plaintiff's obtaining leave to sell the land and reinvest the money for the benefit of minors interested in it, and on such leave being obtained, plaintiff was to convey the land and receive the $400 and the Cunningham note, and interest on it, and the deed for the property coming to her. It appears, by agreement of parties, that this contract was not carried out until after October 1, 1896, when the note had matured; but it was carried out, and the note delivered by Cook in pursuance of this agreement, after its maturity. It is alleged that the taking of the note in exchange for property in this manner was not a getting of it in the usual course of business and that the property was actually obtained after the note's maturity, and for these two reasons, all defenses are good against it. No cases are cited to the first contention, and it seems unnecessary to discuss it further. The obtaining of a note in exchange for property seems quite as much in the usual course of business as the getting of it for cash. In *Kimbro v. Lytle*, 10 Yerg. [Tenn.], 417, a note is said to be taken in the usual course of business where the holder has given for the note his money, goods or credit, at the time of receiving it, or has, on account of it, incurred some loss or liability. This is quoted with approval in *Merchants' Bank*

*v. McClelland,* 13 Pac. Rep. [Colo.], 723, and is certainly in accordance with business practice. The doctrine is broad enough to cover the other objection in the case, also. The contract which was placed in escrow, and on which the note was received by the holder of the escrow, provided that the possession of the property which plaintiff was conveying should be turned over to Darr and Spencer. When they took posession of it, does not affirmatively appear, but on the credit of this note, plaintiff gave them a right to such possession. She obligated herself on the strength of its validity and long before its maturity to accept it, and as her uncontradicted evidence shows, did accept it, without any knowledge of any defenses against it. The transfer of this indorsed paper to the holder of the escrow for her benefit and in consideration of this agreement; would seem to be a transfer in the due course of business. Whether the title should be deemed to have been in the depositary from that time until he turned it over to plaintiff, or whether her title should be held to relate back to that time, seems not important. Justice seems to require that effect be given to the indorsement when it was made, and when the note passed out of the control of the payee, with no knowledge of any defense, she could not lawfully refuse to carry out her agreement to take the note. She had certainly both parted with property and incurred a liability for the note before its maturity.

No error is found in the record, and it is recommended that the judgment of the district court be affirmed.

LOBINGIER and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.