[Civ. No. 2981. First Appellate District, Division One.—October 11, 1919.]

## C. W. FOX, Appellant, v. ALEX T. CRANE, Respondent.

[1] PROMISSORY NOTE—PROVISION FOR ATTORNEY'S FEES—NEGOTIABILITY OF INSTRUMENT.—A provision in a promissory note that "should an attorney be employed to enforce the payment of this note, we agree to pay an additional sum of one per cent on principal and accrued interest as attorney's fees," does not render the note non-negotiable.

[2] ID.—PROVISION FOR INCREASED INTEREST AFTER MATURITY—NEGOTIABILITY OF INSTRUMENT.—A provision in a promissory note payable one year after date that the interest thereon is to be "payable annually, and if not so paid to be compounded and bear the same rate of interest as the principal; and should the interest not be paid when due then the whole sum of the principal and interest shall become immediately due and payable at the option of the holder," does not render the note non-negotiable.

[3] ID.—RECEIPT OF NOTE IN PAYMENT OF PROPERTY—ACQUISITION IN ORDINARY COURSE OF BUSINESS.—Promissory notes received before maturity, without notice or knowledge of any claim of the makers that they have a defense thereto, in part payment for certain real property, are acquired in the ordinary course of business and for a valuable consideration.

[4] ID.—"USUAL COURSE OF BUSINESS"—MEANING OF TERM.—As applied to commercial paper, the term "in the usual course of business" means the delivery for value under such circumstances that a business man of ordinary intelligence and capacity would give his money, goods, or credit for it when offered for the purpose for which it was transferred.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

Sweet, Stearns & Forward for Appellant.

E. S. Torrance for Respondent.

1. Negotiability of note containing stipulation for attorneys' fees, note, Ann. Cas. 1912D, 165.

2. Negotiability as affected by provision in relation to interest or discount, note, 2 A. L. R. 139.

KERRIGAN, J.—This action was brought by plaintiff, appellant herein, to recover judgment on a promissory note for five thousand dollars, dated May 13, 1913, executed by defendant Alex T. Crane, and made payable one year after date to the order of C. W. McKee and Kit Carson, defendants herein. Before maturity the note was indorsed and delivered to appellant, together with three other promissory notes, the four notes amounting to the sum of fourteen thousand five hundred dollars. These notes were transferred by defendant Crane to plaintiff in payment for certain real property situated in the city of San Diego. To secure their payment a declaration of trust was entered into by the parties, under which the property was conveyed to a certain trust company, to be held by it in trust and until the notes were paid, or to be sold by the company in the event of the nonpayment thereof. For failure to pay two of the notes when they became due the trust company sold the real property as provided by the terms of the declaration of trust.

As a defense to the note sued upon defendant claimed that it was non-negotiable and that he had been induced to execute the same through fraud on the part of the payees. Plaintiff claimed, however, that the note had been transferred to him before maturity in due course and for a valuable consideration, and that the defense of fraud could not be set up as against him. The trial court found the instrument to be negotiable, and that the plaintiff had acquired it before maturity, duly indorsed, in good faith, and without any notice, information, or knowledge whatever of any claim of defendant that he had any defense thereto; but further found that defendant was induced to sign it by fraud, and that plaintiff did not acquire it in the usual course of business or for a valuable consideration, and accordingly rendered judgment in favor of defendant Crane. Judgment went against Carson by default.

The principal contention in the court below related to the question as to whether or not the instrument sued upon was a negotiable promissory note. Defendant claimed that it was non-negotiable by reason of certain conditions therein contained. The finding of the trial court being against him upon this question, he presents the same objection here.

The note reads as follows:

"$5,000.00.                    San Diego, Cal., May 13, 1913.

"On or before one year after date, for value received, we or either of us promise to pay to the order of C. W. McKee at the Merchants' National Bank of San Diego, the sum of $5,000.00 with interest thereon at the rate of 7% per annum from date until paid, payable annually, and if not so paid to be compounded and bear the same rate of interest as the principal; and should the interest not be paid when due then the whole sum of the principal and interest shall become immediately due and payable at the option of the holder of this note. All payable in U. S. gold coin, and should suit be commenced or an attorney be employed to enforce the payment of the note we agree to pay an additional sum of one per cent on principal and accrued interest as attorney's fees in such suit.

                                   "ALEX. T. CRANE,
                                   "KIT CARSON."

[1] Two reasons are urged by respondent in support of his contention that the note is not a negotiable instrument. The first of these is that the provision, "Should an attorney be employed to enforce the payment of this note, we agree to pay an additional sum of one per cent on principal and accrued interest as attorney's fees," brings about this result. This contention is based upon the construction given to a similar provision by our supreme court in *Adams* v. *Seaman*, 82 Cal. 636, [7 L. R. A. 224, 23 Pac. 53]. Since the rendition of that decision the statute has been changed so as to admit of a condition with reference to attorney's fees. Considering the changed condition of the statute, we fail to see how the reasoning in that decision has any application to the instant case.

In *Glen* v. *Rice*, 174 Cal. 269, [162 Pac. 1020], the identical condition here involved was contained in the note there sued upon, and the note was held to be negotiable in form. It is claimed, however, that the objection here raised, viz., that the condition complained of admits of an interpretation that an attorney would be entitled to a fee even though he did not bring suit, was not urged in that case, and for that reason the decision is not authority upon the question. The question of the character of the note was before the court and was passed upon and is decisive of this question.

[2] The second reason urged against the negotiability of the note relates to the provision allowing compound interest after maturity, the presence of this provision being claimed to have the effect claimed in support of which contention we are cited to the cases of *Cornish* v. *Wolverton,* 32 Mont. 456, [108 Am. St. Rep. 598, 81 Pac. 4], *Hegeler* v. *Comstock,* 1 S. D. 138, [8 L. R. A. 393, 45 N. W. 335], *Rudolph* v. *Hudson,* 12 Okl. 516, [74 Pac. 946], and *Bracken* v. *Fidelity Trust Co.,* 42 Okl. 118, [L. R. A. 1915B, 1216, 141 Pac. 6]. The note sued upon in *Cornish* v. *Wolverton, supra,* presents a different question. There the interest on the note was payable semi-annually and the note did not mature for five years. In the instant case the interest was payable annually, and as the note was payable one year from date, no interest would be due until the maturity of the note. *Hegeler* v. *Comstock, supra,* was not followed in the later case of *Merrill* v. *Hurley,* 6 S. D. 592, [55 Am. St. Rep. 859, 62 N. W. 958], and *Rudolph* v. *Hudson,* and *Bracken* v. *Fidelity Trust Co.* are both expressly overruled in the later case of *Bank* v. *Gleichmann,* 50 Okl. 441, [L. R. A. 1915F, 1203, 150 Pac. 908]. In the case last cited the cases are reviewed and the conclusion reached that the decided weight of authority is to the effect that a provision in a note for an increased rate of interest after maturity, in case of default, does not introduce such uncertainty of amount into the instrument as to impair its negotiability. (See, also, note in 125 Am. St. Rep. 204, and *Glen* v. *Rice,* 174 Cal. 269, [162 Pac. 1020].)

For the reasons given we conclude that the court correctly determined that the note was negotiable.

[3] We are of the further opinion, however, that the evidence fails to support the findings of the trial court that the appellant did not acquire the note in the ordinary course of business, and that he did not acquire it for value or pay a valuable consideration for the transfer and delivery thereof from McKee to himself. The evidence upon this subject is without conflict. Appellant owned and sold his land in San Diego to McKee for the sum of fifteen thousand dollars. Five hundred dollars was paid in cash and the balance by four promissory notes, two of which were signed by defendant McKee as maker, and the remaining two by defendants Crane and Carson, as makers, in favor of defend-

ant McKee and indorsed by him and delivered to plaintiff at the time the contract of purchase was made. No fraud on the part of plaintiff is charged. The evidence of defendant Crane himself affirmatively shows that plaintiff visited him and informed him of the transaction, and asked him if the notes were good, and was informed by Crane that they were and that he had signed them. Under these circumstances we fail to see how the notes were not acquired for value and in the usual course of business. [4] As applied to commercial paper, the term "in the usual course of business" means the delivery for value under such circumstances that a business man of ordinary intelligence and capacity would give his money, goods, or credit for it when offered for the purpose for which it was transferred. (2 Raad on Commercial Paper, sec. 988.) And one who receives a note in exchange for real property acquires it in the usual course of business (*Cunningham* v. *Holmes,* 66 Neb. 723, [92 N. W. 1023]).

Here there is no claim, and the evidence presents no facts which show any fraud or lack of fair dealing on the part of plaintiff. He suffered a detriment by being deprived of a right to dispose of his land during the time the property was held in trust.

We conclude, therefore, that the note was acquired by plaintiff for value and in the usual course of business, and without any notice of fraud, and before its maturity.

For the reasons given the judgment appealed from is reversed.

Richards, J., and Waste, P. J., concurred.