[Civ. No. 4639.  Second Appellate District, Division One.—August 10, 1927.]

G. ROY PENDELL, Appellant, v. A. E. VESPER et al., Respondents.

G. Roy Pendell, *in pro. per.*, and Goodspeed & Pendell for Appellant.

Merriam, Rinehart & Merriam and Grant Jackson for Respondents.

YORK, J.—This is an appeal by plaintiff from an order dismissing plaintiff's action, which action was dismissed by the trial court on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The claim of the appellant in this action appears to be that notwithstanding the decree of distribution which was entered in the matter of the estate of John H. Thompson, deceased, and which decree contains no reservation whatever in favor of the appellant, the appellant is entitled to recover from the defendant Thompson, personally and as executor, some portion of the estate by this action which was filed by him more than two months after the decree of distribution had become final. Appellant claims a right in the estate of John H. Thompson, deceased, by reason of an assignment

made to plaintiff, by the defendant Vesper, of a one-fourth of the interest assigned to said Vesper by the defendant Martha Carroll. Under the terms of the will, the defendant Carroll was to receive two-thirteenths interest in the estate and the defendant Martha Carroll, during the course of the administration, assigned to the defendant Vesper *her interest in two certain parcels of real property,* presumably property of the estate, and the assignment by defendant Vesper to plaintiff was an assignment only of a one-fourth portion of such interest thus assigned to him by defendant Carroll in said two parcels of real estate. By final decree of distribution of the estate, rendered after said two parcels had been sold under order of court, two-thirteenths interest of the entire estate of John H. Thompson, deceased, was distributed to the defendant Carroll, and the relief asked against the defendant Thompson is, ''that the said Rezin Thompson be directed and ordered to pay to this plaintiff, under said assignments, the sum of four hundred ten dollars and ninety-two cents ($410.92) and that plaintiff have judgment against the said Rezin Thompson, both as executor of said estate and as an individual, for said sum of $410.92; that plaintiff have judgment against defendants for costs of suit, and for such other and further relief as may seem meet and proper to the court.'' It is alleged in the complaint that the said two parcels of real estate which were specifically described in said conveyance and said complaint were sold during the course of probate for certain amounts, and that rentals had been received by said executor as such executor from the real estate prior to such sale. It is also alleged that the defendant Thompson had knowledge of such assignments, but nevertheless petitioned and caused the court to make its order distributing to Martha Carroll. the two-thirteenths interest previously assigned by her to Vesper, as aforesaid. It is also alleged that a portion of the funds derived from the sales of said lands and the rents derived from said lands prior to such sales and represented by the interest therein assigned by Martha Carroll has been paid to Vesper, and that portion of said funds amounting to $1,186.80 still remains in the hands of the defendant Rezin Thompson—probably meaning as such executor. Plaintiff also alleged that he is the owner of a one-fourth interest in said funds and the money so held by said executor by

reason of the conveyance to him hereinbefore set out, but that defendant has failed and refused to pay any part thereof to plaintiff. Plaintiff also attempts to set up sufficient facts to justify an accounting to ascertain what plaintiff's alleged one-fourth interest in the interest of said Vesper would amount to.

The order of the trial court may have been predicated upon several different grounds, but sufficient to say that where an interest in specific real property of a decedent's estate is assigned and reassigned in portions only, and where in due course of administration the real property is by order of court sold, an executor is not required by any provision of law pointed out to us by appellant to account for what he may do with said money so received from such sale, other than his account as executor rendered to the court. Presumably, property when sold by an executor is sold for the purpose of paying costs and expenses of administration, or debts of the estate, or to pay specific cash legacies. It was held in *Howe's Estate,* 161 Cal. 152 [118 Pac. 515], that section 1678 of the Code of Civil Procedure, as to partition or distribution to assignee of devisees, only applies where no question arises on the distribution as to such conveyance having been made. "Where its validity or effect is an issue upon the distribution, the determination of that question is not a matter within the probate jurisdiction of the court." If the rule contended for by appellant is correct, we can readily see that it could be made impossible for an executor to ever close his estate. If an assignment of an interest in specific property which has to be sold to pay the costs and expenses of administration is assigned and reassigned, time without number, it could readily be made impossible for any executor in the ordinary course of business to ever complete his trusteeship.

We find no authority for the assignment of the moneys received from the sale of property by an executor in due course of administration where the real estate has not been specifically given under the will to any particular person, except only such interest as assignee may have in the cash on hand. In the case at bar, the complaint alleges that the estate consisted in part of the real estate hereinbefore mentioned, and that under the terms and provisions of the

last will and testament so admitted to probate, the defendant Martha Carroll acquired an interest in said estate, which said interest included a two-thirteenths undivided interest in and to said two pieces of real estate. There is nothing set forth in the pleading that would authorize us to conclude that the will specifically devised said or any portion of said real estate to the said Martha Carroll, and it is not clear from the appellant's brief in what way or in what manner he claims that the amount that the executor would receive from the sale of the property in the due course of administration of said estate could be kept in a separate fund by itself and be subject to a special assignment as set forth in his complaint, to wit, an assignment of a portion of an assigned interest. The complaint even claims the rentals from the property received by the executor, while no authority is set up in the appellant's brief to show how or why he would be entitled to any part or portion of the rents so received by the executor. Presumably, the executor during his administration would be paying the taxes and expenses of maintaining the property, and it would require some definite authority for us to hold that the rents received by the executor, or the amounts received by him for the sale of the property in due course of administration under the authority of the court, could be assigned or transferred from one person to another other than as a residuary portion or balance of cash on hand in the hands of the executor at the close of said estate after paying all costs and expenses of such administration. The complaint is silent as to whether the debts and charges and costs of administration have been paid. It fails to state facts sufficient to entitle the appellant, to the relief demanded in his complaint.

The judgment of the trial court is affirmed.

Conrey, P. J., and Houser, J., concurred.