[Civ. No. 8544. First Appellate District, Division One.—September 1, 1932.]

MARY BALDWIN WOOD, as Executrix, etc., Appellant, v. ELIZABETH DIHEL ROACH et al., Respondents.

Luther Elkins and Chris B. Fox for Appellant.

William T. Paullin and McKee, Tashcira & Wahrhaftig for Respondents.

THE COURT.—This action was brought to quiet the title to certain real property in Alameda County. The complaint alleged that William Sidney Wood died testate on January 30, 1908; that his will was admitted to probate in the Superior Court of the City and County of San Francisco, and that plaintiff and Baldwin Wood, now deceased, were duly appointed and qualified as executors thereof; that decedent first named was the owner and in possession of the property in suit, title to which upon his death vested in his heirs and devisees subject to administration, and that there has been no distribution thereof; that pursuant to an order of the superior court in the matter of said estate made on March 20, 1922—which purported to confirm a sale of said property to E. J. Sittig—the said Baldwin Wood, in his own name and that of plaintiff, as executors executed a deed thereof to Sittig; that the order was based upon a return of sale and petition for confirmation; that the proceeding and sale were void for lack of jurisdiction, and the order obtained by means of extrinsic fraud.

Defendants and respondents Roach, Mercantile Securities Co. and Mercantile Trust Co. demurred generally and specifi-

cally to the complaint. The special grounds of demurrer were that several causes of action had been joined and not separately stated; that the complaint was ambiguous, uncertain and unintelligible in certain respects, and that the causes of action alleged were barred by the provisions of subdivision 2 of section 336, and subdivisions 2 and 4 of section 338, of the Code of Civil Procedure. The demurrer was sustained with leave to amend, and plaintiff having failed to do so a judgment—from which she has appealed—was entered against her.

The ground of attack upon the proceeding for the sale of the property is that neither the petition for confirmation nor the order confirming the sale stated the jurisdictional facts, and that consequently the order and the deed based thereon were void.

Originally the probate courts of California were of limited and inferior jurisdiction (*Townsend* v. *Gordon*, 19 Cal. 188; *Pryor* v. *Downey*, 50 Cal. 388 [19 Am. Rep. 656]), and it was held that the power of the court over the sale of lands belonging to the estate of a decedent did not come from its general jurisdiction over the administration of estates but from the statute (*Pryor* v. *Downey, supra; Richardson* v. *Butler*, 82 Cal. 174 [16 Am. St. Rep. 101, 23 Pac. 9]).

By the Constitution of 1879 (art. VI, sec. 5), superior courts were given jurisdiction of all matters of probate in like manner as of cases at law or in equity (*Burris* v. *Kennedy*, 108 Cal. 331 [41 Pac. 458, 459]), and since 1858 the orders and decrees of superior courts in the exercise of their probate jurisdiction have been as conclusive against collateral attack as those in any other branch of their jurisdiction (Stats. 1858, p. 95; 15 Cal. Jur., Judgments, sec. 164, p. 92). According to the early cases an application for the sale of land was a special, independent proceeding, and it was essential, to enable the court to act, that the application be made substantially as provided by statute (*Pryor* v. *Downey, supra; Richardson* v. *Butler, supra*). It was also held that the jurisdiction of the court rested upon the averments of the petition (*Stuart* v. *Allen*, 16 Cal. 473 [76 Am. Dec. 551]; *Haynes* v. *Meeks*, 20 Cal. 288; *Estate of Devincenzi*, 119 Cal. 498 [51 Pac. 845]). Under the statute, however, a failure to set forth the facts showing the

sale to be necessary did not invalidate subsequent proceedings if the defect was supplied by proofs at the hearing, and the general facts showing such necessity were stated in the decree (Code Civ. Proc., sec. 1537; Stats. 1873–74, p. 370).

The Burris case was an action to quiet title brought by an heir of James Kennedy, deceased, against defendants who claimed under a probate sale had in the matter of the decedent's estate. It was contended that neither the application nor the order of sale contained a statement of the jurisdictional facts, and that consequently the sale was void. It was concluded on appeal that facts showing a sale to be necessary were sufficiently alleged in the application; and although the allegations were erroneous the sale was not void for that reason. Further, that while an application to sell the real property of an estate was an independent proceeding in that it was essential that the application be made substantially as provided by statute, nevertheless the court in entertaining the application and passing upon it was not acting as a special tribunal but in the exercise of its general jurisdiction over the subject matter, derived from the Constitution and not from the statute; and that the same presumption must attach to decrees in probate proceedings upon collateral attack as to judgments at common law or in equity, and that the sufficiency of the proceedings or petition must be decided by the same liberal rule which applies to the pleadings in an ordinary action upon such an attack. In the same connection, quoting from *In re Burton,* 93 Cal. 459 [29 Pac. 36], the court said: "The Superior Court while sitting in matters of probate is the same as it is while sitting in cases in equity or cases at law or in special proceedings; and when it has jurisdiction of the subject matter of a case falling within either of these classes it has power to hear and determine in the mode provided by law all questions of law and fact the determination of which is ancillary to a proper judgment."

Judge Van Fleet in his work, "The Law of Collateral Attack," section 275 (citing *Culver* v. *Hardenburgh,* 37 Minn. 225 [33 N. W. 792]), says: "The administration of the estate of a decedent . . . is one indivisible judicial proceeding from the order appointing the administrator to that of his final discharge. The proceeding is one purely *in rem,*

and all parties in interest—heirs, devisees, legatees, distributees and creditors—are necessarily in court at all times. Petitions to sell and mortgage land are simply motions in a pending cause, and in principle no want of form or substance ought to make the sale void. The adverse parties are given the opportunity to examine and object . . . to the entire proceeding on motion for confirmation of the sale, and the court is always open to their motions and petitions to compel the administrator to do his duty in the interim between the order to sell and the confirmation; and as the purchaser furnishes the money to pay their ancestor's debts equity and good conscience loudly demand an estoppel against their proceeding afterwards in a collateral action to recover the land thus sold.''

Previous to the amendment of 1919 (Stats. 1919, p. 1177), a sale of real property could only be had upon an order of court, to obtain which it was necessary to present a verified petition setting forth the facts enumerated in the statute, it being provided, however, that a failure to set forth such facts should not invalidate subsequent proceedings if the defect be supplied by proofs at the hearing and the facts stated in the decree. (Code Civ. Proc., sec. 1537.) The amendments of 1919, which were in force when the proceeding in question commenced, repealed sections 1537, 1538, 1539, 1540, 1542, 1543 and 1544 of the Code of Civil Procedure, and provided that when a sale of property was necessary to pay the allowance to the family or the debts outstanding against the decedent, or the debts, expenses, charges of administration or legacies, or when it was for the best interest of the estate or those interested therein, the executor or administrator might sell any of the real as well as personal property of the estate. (Code Civ. Proc., sec. 1536; Stats. 1919, p. 1179.) It was also provided that notices of sale be given as prescribed therein, and that the executor or administrator after making any sale should make a return of his proceedings to the court, following which a hearing should be had upon notice. At such hearing the court was required to examine into the necessity for the sale or the advantage, benefit and interest to the estate in having the sale made (Code Civ. Proc., sec. 1552; Stats. 1919, p. 1179), and confirm the sale if it appeared that there was reason therefor upon the grounds set forth in section 1536 of the

Code of Civil Procedure, provided the sale was legally made and fairly conducted and the sum bid not disproportionate to the value and a sum above that specified in the statute could not be obtained. (Code Civ. Proc., sec. 1554; Stats. 1919, pp. 1179–80.) These amendments contained no requirement that any of the reasons for making the sale mentioned in said section 1536 of the Code of Civil Procedure be stated in the return, nor was a finding that such reasons existed made necessary, the only finding required being that "before any order is entered confirming the sale it must be proved to the satisfaction of the court that notice was given of the sale as prescribed, and the order of confirmation must show that such proof was made". (Code Civ. Proc., sec. 1556.) Since the above enactments an executor or administrator can negotiate a sale without first procuring an order (*Estate of Benvenuto,* 183 Cal. 382 [191 Pac. 678]), but no title passes until confirmation. (*Lass* v. *Eliassen,* 94 Cal. App. 175 [270 Pac. 745].)

In the present case the return of sale and petition for confirmation contained a description of the property, a statement of the notices given and the expenses and terms of the sale, but no facts showing its necessity or the purpose or that it would be to the advantage or best interest of the estate or those interested therein, nor was there a finding on any of these matters in the order of confirmation. The order found, however, that notices of sale were given in accordance with the statute and a previous order of the court, and that due and legal notice of the hearing of the return had been given pursuant to an order appointing a day for that purpose; also that the amount bid was within ninety per cent of the appraised value of the property to be sold.

No cases referring to the change in procedure under the amendments, except the two last cited, have been called to our attention. *Estate of Benvenuto, supra,* was an appeal from an order confirming a sale of real estate by an administrator. It was held among other things that the amendment did not deprive the heirs of the right under section 1380 of the Code of Civil Procedure to a notice of the proceedings for a sale, and that section 1389 of the same code remained applicable to the mode of sale under the amendment, since the sale "is ordered" when it is confirmed and the deed directed to be made. In discussing these matters it

was said that the questions whether a sale be necessary or for the best interest of the estate are under the new procedure to be decided upon the application for confirmation instead of upon the hearing of a petition for an order of sale as formerly. The sufficiency of the return of sale was not questioned on the appeal, but the court in passing said, "such return must state the terms of the sale agreed on and the purposes for which the money is to be used".

As shown above, the amendment directed a return of the proceedings and an inquiry by the court but contained no provision requiring a statement as to how the money was to be used. The language found in the opinion must be construed with reference to the particular facts then before the court; ■ and while in some instances a *dictum* is entitled to weight (*Adams* v. *Seamon,* 82 Cal. 636 [7 L. R. A. 224, 23 Pac. 53]), in applying cases which have been decided what may have been said in the opinion should be confined to the facts of the case under consideration and not extended to cases where the facts are essentially different (7 R. C. L., Courts, sec. 31, p. 1004), and it cannot affect subsequent decisions where it is plainly inconsistent with the statute. (*Cardenas* v. *Miller,* 108 Cal. 250 [49 Am. St. Rep. 84, 39 Pac. 783, 41 Pac. 472].)

By the enactments of 1919 it was manifestly the intention to establish a new and complete scheme with respect to proceedings for the sale of the property of decedents' estates. This is equivalent to a legislative declaration that whatever is embraced in the new act shall prevail. (*State* v. *Conkling,* 19 Cal. 501; *Spongle* v. *Curnow,* 136 Cal. 580 [69 Pac. 252]; *In re Weyman,* 92 Cal. App. 646 [268 Pac. 971].) ■ And where a statute is revised and some parts omitted, and it was clearly the intention to cover the whole subject revised, the omitted parts cannot be revived by construction but are to be considered as annulled. (36 Cyc., Stats. 1919, p. 1080; *Carter* v. *Stevens,* 208 Cal. 648 [284 Pac. 217]; *Stead* v. *Curtis,* 191 Fed. 529.) This is of course subject to the rule that the legislature cannot by amending a law after his death authorize the sale of the property of a decedent for new reasons or purposes, although it may prescribe a different mode of procedure. (*Estate of Benvenuto, supra.*)

■ We are satisfied that by the repeal of the sections mentioned on the omission of the same provision from the

new procedure it was the intention that no allegation or finding of the statutory grounds for a sale should be necessary to jurisdiction. Such grounds are, of course, necessary to support a confirmation of sale, and the court is required to ascertain their existence before acting; but an erroneous conclusion in that regard would constitute error in the exercise of jurisdiction, which might be corrected on appeal (Code Civ. Proc., sec. 963) rather than a want of jurisdiction. As held in the Burris case, *supra*, the superior court in such matters acts in the exercise of its general jurisdiction derived from the Constitution, and the same presumptions attach to its decrees in probate matters upon collateral attack as to judgments at law or in equity. (*Johnson* v. *Canty*, 162 Cal. 391 [123 Pac. 263].) In the present instance the record is silent as to the existence of facts making a sale necessary or proper. In such cases, where the superior court is acting in the exercise of its general jurisdiction over the subject matter nothing will be intended to be out of its jurisdiction but what expressly appears to be so (*Johnson* v. *Canty, supra; Estate of Schandoney*, 133 Cal. 387 [65 Pac. 877]); and it will be presumed on collateral attack that any facts consistent with the validity of its judgment existed. (*Estate of Twombley*, 120 Cal. 350 [52 Pac. 815]; *Estate of Davis*, 151 Cal. 318 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711]; *Estate of Ryan*, 177 Cal. 598 [171 Pac. 297]; *Estate of Sankey*, 199 Cal. 391 [249 Pac. 517]; *Fletcher* v. *Superior Court*, 79 Cal. App. 468 [205 Pac. 195].) It has likewise been held that presumably when property is sold by an executor or administrator the sale is made for the purpose of paying costs and expenses of administration, or debts of the estate, or to pay specific cash legacies. (*Pendell* v. *Vesper*, 85 Cal. App. 21 [258 Pac. 986].) Moreover, at the time of the sale in question, section 1704 of the Code of Civil Procedure provided that orders and decrees in probate proceedings need not recite the existence of facts upon which the jurisdiction of the court depended, but that it should only be necessary that they contain the matters ordered or adjudged except as otherwise provided in title II, of which the repealed sections referred to above formed a part. (Stats. 1921, p. 105.)

These rules apply to the present case; and we must therefore hold that the record on its face does not show the order

in question to be void, and that therefore it was not subject to collateral attack. (15 Cal. Jur., Judgments, sec. 144, p. 59.)

Plaintiff alleged that her signature was forged to the return of sale and to the deed mentioned. She also averred other acts of fraud and concealment on the part of her coexecutor, as the result of which she did not discover the facts alleged until after his death, on April 28, 1926. These allegations were relied on as grounds for her claim that the order of confirmation was procured by extrinsic fraud. It was not alleged, however, that the defendants were parties to the fraud, or purchased with knowledge thereof, and she now concedes that her pleading in this respect was insufficient (*Doyle* v. *Hampton,* 159 Cal. 729 [116 Pac. 39] ; *Julien* v. *West,* 96 Cal. App. 558 [274 Pac. 421]). It is also conceded by respondents that the action was not barred by the statute of limitations (citing *Murphey* v. *Crowley,* 140 Cal. 141 [73 Pac. 820]).

Respondents urged another ground of demurrer, namely, that several causes of action were alleged and not separately stated. In addition to the allegations that the proceedings leading to the execution of a deed by her coexecutor were void, and upon which averments a decree quieting title was prayed, the complaint alleged the acts of fraud recited above. The latter were admittedly insufficient to constitute a cause of action, were not germane to the other allegations, and on motion might have been stricken from the pleading. Such defects are not grounds for demurrer, the proper remedy being a motion to strike (21 Cal. Jur., Pleading, secs. 69, 173, pp. 111, 249; *Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429 [34 Pac. 1089]).

It is well settled that a complaint which seeks to quiet title, and incidentally to have the instrument under which defendant derived title declared void, states but one cause of action (*Parsons* v. *Weis,* 144 Cal. 410 [77 Pac. 1007]); and while the right to recover damages for the value of the use and occupation in such action has been questioned (51 Cor. Jur., Quieting Title, secs. 263, 264, pp. 274, 275; *Polack* v. *Gurnee,* 66 Cal. 266 [5 Pac. 229, 610]), if the same be recoverable the facts upon which the claim is based need not be stated as a separate cause of action (*Keele* v. *Clouser,* 92 Cal. App. 526 [268 Pac. 682]).

There appear to be no grounds for respondents' special demurrer, but for the reasons stated their general demurrer was properly sustained, and the judgment must accordingly be affirmed.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 1, 1932.