[L. A. No. 1264. Department Two.—August 16, 1904.]

## SUSAN H. PARSONS, Respondent, v. H. F. WEIS, Appellant.

ACTION TO QUIET TITLE AND SET ASIDE JUDGMENT—PLEADING—SINGLE CAUSE OF ACTION.—A complaint to quiet the plaintiff's title as against the defendant to the land described, and, as incidental thereto, to set aside a former judgment in favor of the defendant quieting his title as against the plaintiff, on the ground of fraud in its procurement, states but a single cause of action.

ID.—PARTIES—ACTION BY WOMAN—SUFFICIENCY OF COMPLAINT.—In an action by a woman to quiet title, where the complaint alleges that she is the owner in fee of the land, it is not necessary to allege whether she is a married or a single woman. In either case the plaintiff is authorized by the code to sue alone with reference to her own property.

ID.—DIRECT ATTACK UPON FORMER JUDGMENT—FRAUDULENT PROCUREMENT.—The attack by the plaintiff upon the former judgment, on the ground that it was procured by fraud, is a direct attack upon the judgment.

ID.—PUBLICATION OF SUMMONS IN FORMER ACTION—EFFECT OF JUDGMENT—MISDIRECTION OF SUMMONS—WANT OF NOTICE—ABSENCE OF LACHES—EQUITABLE SHOWING.—Although the judgment in the former action was by its recitals a judicial determination of the sufficiency of the service of the summons therein by publication, which was supported by the affidavits of publication and of deposit in the post-office as ordered by the court; and although the court cannot relieve against such judgment merely on the ground that the summons was not directed to plaintiff's place of residence, in the

absence of an equitable showing; yet, where it appears that under a false affidavit of residence the summons was directed to a place where plaintiff never resided, and that she in fact had no notice of the action or judgment until more than one year after it was entered, she is thereby relieved of any charge of laches or negligence during the time within which a motion might have been made to set aside the judgment, and she may show such misdirection and want of notice in support of her equitable action to set aside the judgment, as having been procured by fraud.

ID.—FRAUD IN PROCUREMENT OF JUDGMENT—WILLFULLY FALSE COMPLAINT—MERITORIOUS DEFENSE—RELIEF IN EQUITY.—Where it appears that, in addition to plaintiff's ignorance of the action, the defendant took advantage of plaintiff's absence from the state, and presented to the court wholly false averments as to his ownership of the property, which were known by him to be false, and thereby procured a judgment quieting his title against the plaintiff, and it appears that the plaintiff was at all times the owner of the property, a meritorious defense to the action is shown, and the judgment so procured was fraudulently obtained, and should be set aside and annulled in equity. To knowingly present to a court a false petition, and to have it acted upon without the knowledge of the adverse party, is a fraud upon the court.

ID.—SUPPORT OF FINDING—KNOWLEDGE OF FALSITY—SILENCE OF DEFENDANT — PRESUMPTION — FRUSTRATION OF PLAINTIFF'S EFFORTS. — A finding that the defendant knew that the averments of his complaint in the former action were false is a matter peculiarly within the knowledge of the defendant; and when, having the ability to show whether or not the averments were willfully false, he simply stood mute, he must be presumed to have known the state of his own title, and such presumption, and clear proof by plaintiff of the falsity of the averments as to such title, together with reasonable efforts of plaintiff to show that defendant had no plausible grounds for his false averments, which were frustrated by the objections of the defendant, are sufficient to support the finding.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Stearns & Sweet, for Appellant.

There is a misjoinder of causes of action. (Code Civ. Proc., sec. 429.) The plaintiff was sued with her husband as a married woman in the former action, and she does not aver that the property is her separate estate. The complaint

is to be taken most strongly against her. (*Moore* v. *Besse*, 30 Cal. 570; *Triscony* v. *Orr*, 49 Cal. 612; *Collins* v. *Townsend*, 58 Cal. 608; *Chipman* v. *Emeric*, 5 Cal. 49;[1] *Hays* v. *Steiger*, 76 Cal. 555.) The falsity of an affidavit of publication as to residence of the defendant is not a ground of equitable relief. (*Thompson* v. *McCorkle*, 136 Ind. 484;[2] *Hunter* v. *Ruff*, 47 S. C. 525;[3] *Martin* v. *Pond*, 30 Fed. 15; *Pattison* v. *Wilbur*, 10 R. I. 448; *Wilkins* v. *Tourtellott*, 28 Kan. 825, 855; *Stanton* v. *Crosby*, 9 Hun, 375.) There was no sufficient proof of fraud in obtaining the judgment. (*Ableman* v. *Roth*, 12 Wis 90; *Gregory* v. *Ford*, 14 Cal. 139;[4] *Wickersham* v. *Comerford*, 104 Cal. 494; *Eichhoff* v. *Eichhoff*, 107 Cal. 42;[5] *Smith* v. *Nelson*, 62 N. Y. 286; *White* v. *Crow*, 110 U. S. 183; *Weidersum* v. *Naumann*, 62 How. Pr. 369; *Ross* v. *Wood*, 70 N. Y. 8; *Irvine* v. *Leyh*, 102 Mo. 200; *Laithe* v. *McDonald*, 7 Kan. 264; *Tilghman* v. *Werk*, 39 Fed. 680.) A meritorious defense must be shown to the action in which the judgment was rendered. (16 Am. & Eng. Ency. of Law, p. 387; *Harnish* v. *Bramer*, 71 Cal. 155; *Eldred* v. *White*, 102 Cal. 600; *Dunklin* v. *Wilson*, 64 Ala. 168; *Gerrish* v. *Hunt*, 66 Iowa, 682; *Woods* v. *Brown*, 93 Ind. 164.)

Hendrick & Wright, for Respondent.

The cause of action is single in equity. Equity has jurisdiction of the case for all purposes. (1 Pomeroy's Equity Jurisprudence, secs. 68, 71-72, 181 (note 2), 227-232.) The complaint need not aver whether the plaintiff is married or not, nor whether it concerns her separate property. (*Shumway* v. *Leakey*, 67 Cal. 458.) The plaintiff was entitled to relief on the ground of fraud in the procurement of the judgment upon a willfully false complaint, of which plaintiff had no notice. (*Dunlap* v. *Steere*, 92 Cal. 348, 350; *Griswold* v. *Gebbie*, 126 Pa. St. 353;[6] *Chatham Furnace Co.* v. *Moffat*, 147 Mass. 403;[7] *Lewark* v. *Carter*, 117 Ind. 206;[8] *Cabot* v. *Christie*, 42 Vt. 121.[9]) Failure of a party against whom fraud is charged to produce testimony within his own

[1] 63 Am. Dec. 80.
[2] 43 Am. St. Rep. 334.
[3] 58 Am. St. Rep. 907.
[4] 73 Am. Dec. 639.
[5] 48 Am. St. Rep. 110.
[6] 12 Am. St. Rep. 878.
[7] 9 Am. St. Rep. 727, and note.
[8] 10 Am. St. Rep. 43.
[9] 1 Am. Rep. 313.

control will raise a presumption of fraud against him.   (14
Am. & Eng. Ency. of Law, p. 194; *Baldwin* v. *Whitcomb*,
71 Mo. 651.)   The findings are sufficiently supported by the
evidence.   The court has regard to the opportunities of knowl-
edge of the respective parties.   (*Russell* v. *McDowell*, 83
Cal. 80.)

THE COURT.—In February, 1895, H. F. Weis, the ap-
pellant herein, commenced an action against the plaintiff and
thirty-one others in the superior court of the county of San
Diego to obtain a judgment quieting his title as against them
to certain lands in that county, and declaring that the defend-
ants had no estate or interest therein.   Service of the sum-
mons upon the defendants was made under an order for its
publication, and for the purpose of obtaining such order an
affidavit by Sylvester Kipp, the attorney for Weis, was pre-
sented to the court, in which he stated that the plaintiff herein
resided at Chicago, Illinois; that he did not know the resi-
dence of many of the other defendants (naming them); that
he had made diligent search and inquiry for each of them,
and that they, including the plaintiff herein, "cannot be
found within the state of California."   The court thereupon
made an order for the publication of the summons in the San
Diego Weekly Union, and directed that a copy of the sum-
mons and complaint be deposited in the post-office at San
Diego, addressed to the plaintiff herein at Chicago, Illinois.
After the expiration of the time for which the publication
was ordered, an affidavit of the due publication of the sum-
mons, and also an affidavit of the deposit in the post-office at
San Diego of a copy of the summons and complaint "directed
to Susan H. Parsons, Chicago, Illinois," was filed, and the
default of the defendants entered, and on June 15, 1895,
judgment was entered in favor of Weis as prayed by him.

The present action was brought by the plaintiff to have it
adjudged that she is the owner of the lands described in the
complaint herein,—the same being a portion of those included
in said judgment,—and that the defendant Weis has no es-
tate or interest therein, and that the said judgment in his
favor be declared void as against her.   In support of her
claim that the judgment is void, she alleges in her complaint
that the affidavit of Kipp for an order for the publication of

the summons was not true; that she never resided at Chicago; that at that time and ever since she has lived in the city of Des Plaines, in the state of Illinois; that she had never seen a copy of the San Diego Weekly Union, or had any notice of the commencement of the action, or of its pendency, or any notice that the judgment therein had been given until December, 1898. She also alleges that she had at all times since June 5, 1888, been the owner in fee simple of the lands described in her complaint, and that the allegations of Weis in his action against her to the effect that she was not such owner, and also his allegation that he was the owner and entitled to the possession, were wholly false, and were known by him to be false. At the trial the court found that all the allegations of the plaintiff's complaint were true, and rendered judgment declaring her to be the owner in fee of the lands described in her complaint, and that the judgment of 1895 in favor of Weis declaring that she had no interest therein, and that he was the owner of said lands, is void, and perpetually enjoining him from asserting any right or interest in said property by virtue of said judgment. From this judgment and an order denying a new trial Weis has appealed.

The complaint states only a single cause of action—viz., to quiet the plaintiff's title as against the defendant to the land therein described, and, as incidental thereto, for the purpose of making the judgment more effective, to have the instrument under which the defendant asserts title declared void. It was not necessary to allege whether the plaintiff was married or a single woman. The complaint alleges that she is the owner in fee of the land, and whether she is married or single she is authorized by the code to sue alone with reference thereto.

The plaintiff is not interested in the validity of the judgment obtained by Weis in 1895 against any of the defendants except herself. As it was stated in the affidavit for the publication of the summons that she was a non-resident of this state, and her residence was at Chicago, the sufficiency of the showing for a service of the summons upon the other defendants by publication is immaterial.

Whether a judgment is void upon its face is to be determined by an inspection of the judgment-roll. A judgment

rendered by the superior court is always presumed to have been within its jurisdiction (*In re Eichhoff*, 101 Cal. 600); but if it affirmatively appears upon the face of the judgment record that the court did not have jurisdiction of the defendant, its judgment is at all times open to either a direct or a collateral attack. When we speak of a direct attack upon the judgment we usually refer to some proceeding in the action in which it was rendered, either by a motion before the court which rendered it or an appeal therefrom, whereas an attempt to impeach the judgment by matters *dehors* the record is a collateral attack. (See, also, *Eichhoff* v. *Eichhoff*, 107 Cal. 42.[1]) An attack upon a judgment on the ground that it was procured by fraud is a direct attack, since the establishment of the fraud shows that no judgment has been rendered. The fraud, however, from which said relief may be given does not include a judgment regularly obtained upon a fraudulent claim or by false testimony, but it is limited to a fraud in procuring the judgment. (*Pico* v. *Cohn*, 91 Cal. 129.[2])

Under section 412 of the Code of Civil Procedure the court is authorized to order that the service of the summons may be made by publication "where the person upon whom service is to be made resides out of the state." The jurisdiction of the court to order the service of the summons by publication is brought into exercise by the presentation of an affidavit stating this fact. If this fact is shown by the affidavit, it is not necessary to set forth therein that such person cannot after due diligence be found within the state. (*Anderson* v. *Gough*, 72 Cal. 65;[3] *Furnish* v. *Mullen*, 76 Cal. 646; *Dunlap* v. *Steere*, 92 Cal. 344.[4]) If, in addition to this fact, it is shown by affidavit that the residence of the defendant is known, the court, in addition to directing a publication of the summons, must direct a copy of the summons and complaint to be deposited in the post-office, "directed to the person to be served at his place of residence." Unless it appear that it was so directed, the record will fail to show a compliance with the order and the proof of service will be incomplete.

At the time that the judgment of 1895 was rendered the

---

[1] 48 Am. St. Rep. 110.　　　　[3] 1 Am. St. Rep. 34.

[2] 25 Am. St. Rep. 159, and note.　[4] 27 Am. St. Rep. 143, and note.

statute (Code Civ. Proc., sec. 670) provided that the affidavit for publication of summons and the order directing its publication should form a part of the judgment-roll, and these documents are therefore to be considered in determining whether the court obtained jurisdiction of the plaintiff herein. It is recited in said judgment that the plaintiff had been duly served with process, and this recital was sustained by the affidavits of publication of the summons and of depositing in the post-office the copy of the summons and complaint in accordance with the order of the court. This recital was a judicial determination by the court of the sufficiency of the service, and is entitled to the same presumption of verity as its determination upon any other issue. (*Thompson* v. *McCorkle,* 136 Ind. 484;[1] *In re Eichhoff,* 101 Cal. 600.) Upon the face of the judgment record it therefore appears that the court had obtained jurisdiction of the plaintiff herein for the purpose of determining the claim of Weis against her, and this judgment against her must stand unless it can be impeached by some extraneous matter. Being a matter of record, its validity or effect cannot be overcome by evidence of any lower degree. The plaintiff has therefore invoked the aid of equity, setting forth in her complaint and establishing at the trial that the affidavit for the order of publication of the summons was not true in fact, and contends that, as the authority for any constructive service of the summons depends upon the sufficiency of this affidavit, as soon as it was shown that the affidavit was insufficient the authority for the service disappeared, and the court is shown to have had no jurisdiction to hear the complaint or render the judgment.

Courts of equity will relieve a party from an unjust judgment entered against him by another tribunal through fraud, or when, without service of process, either actual or constructive, no opportunity has been given him to be heard in his defense. (Freeman on Judgments, sec. 495; *Eichhoff* v. *Eichhoff,* 107 Cal. 42.[2]) Equity will not, however, set aside the judgment merely upon the ground of some irregularity or defect in the service of process upon the defendant, unless there is also presented some equitable ground for relief. (*Connelly* v. *Rue,* 148 Ill. 217. See, also, *In re James,* 99 Cal. 374.[3])

[1] 43 Am. St. Rep. 334.            [3] 37 Am. St. Rep. 60.

[2] 48 Am. St. Rep. 110.

The cases cited on the part of the respondent (*Martin* v. *Pond*, 30 Fed. 15; *Hunter* v. *Ruff*, 47 S. C. 525;[1] *Webber* v. *Weilling*, 18 N. J. Eq. 441), to the effect that a judgment obtained by publications of the summons is conclusive, notwithstanding the summons was directed to the defendant at a place at which he did not reside, were cases of collateral attack upon the judgment, and therefore are not applicable here. It may be conceded that the determination of the court that the plaintiff had been duly served with the summons in the action of Weis was erroneous, but in the absence of any charge of fraud or other equitable ground for relief, a court of equity would not for that reason alone be authorized to annul the judgment entered thereon against her. (*Herbert* v. *Herbert*, 49 N. J. Eq. 70, 565.)

Neither will a complaint be entertained in equity so long as there is a remedy by motion before the original tribunal; but the party may however be entitled to equitable relief if the time for making such motion has expired without any charge of laches or negligence on his part. (*Brackett* v. *Banegas*, 116 Cal. 278.[2]) The record of the former judgment showing that the summons therein had been directed to the plaintiff in Chicago, and her averment herein that she had never resided in that city, and that she had no notice of the action or of the judgment until December, 1898, more than one year after the judgment was entered, sufficiently relieved her from any charge of laches or negligence during the time within which a motion could have been made in that action to set aside the judgment.

A party who would invoke the aid of equity for relief from a judgment must not only set forth the matters wherein the judgment is unjust or was fraudulently obtained, but he must also allege that he has a meritorious defense to the action. Equity will not interfere to annul a judgment or restrain its enforcement if it is a correct and just determination of the rights of the parties thereto. In *Gregory* v. *Ford*, 14 Cal. 138,[3] the defendant in the former judgment had not been served with process, but the court refused to enjoin its execution upon the ground that he did not allege that he had a defense to the action. (See, also, *Collins* v. *Scott*, 100 Cal.

[1] 58 Am. St. Rep. 907.                    [3] 73 Am. Dec. 639.
[2] 58 Am. St. Rep. 164.
CXLIV. Cal.—27

452; *Eldred* v. *White,* 102 Cal. 600.) The pleader evidently had this rule in view in preparing the complaint in the present case, for it is alleged therein that the plaintiff was at all times prior to the commencement of the action the owner in fee of the lands described therein; that the allegations of the defendant in his complaint in the former action that he was the owner of said property were wholly false, and were known by him to be false. These allegations were sufficient averments of a meritorious defense to the action of Weis, and though denied by him, yet if found by the court to be true, would show an equity entitling the plaintiff to a decree declaring the former judgment to be void. In support thereof, it was shown at the trial that on June 5, 1888, the plaintiff became vested with the title to the land described in her complaint, and that she had never sold, or conveyed, or otherwise disposed of it. The presumption that she continued to remain the owner supported the allegation of ownership in her complaint, and, in the absence of any other evidence, imposed upon Weis the necessity of controverting this evidence, or showing that her title had been transferred to him. The judgment of 1895 was not available for this purpose after it had been shown that the plaintiff had had no actual notice of that action, and had made no defense thereto, nor had any opportunity to present her defense. (*Dunlap* v. *Steere,* 92 Cal. 344;[1] *Eichhoff* v. *Eichhoff,* 107 Cal. 42;[2] *Irvine* v. *Leyh,* 102 Mo. 200.) It was not sufficient, however, for the plaintiff merely to show that Weis had no right or interest in the land at the time he commenced his action. It was also essential, in order to authorize a court of equity to grant her relief from the judgment to also allege and establish at the trial that the judgment was fraudulently obtained. The rule upon this point is well stated in *Irvine* v. *Leyh,* 102 Mo. 200, and quoted with approval by this court in *Dunlap* v. *Steere,* 92 Cal. 344,[1] as follows: "To entitle the plaintiffs to the relief which they asked and procured in this case it is not enough for them to simply show that Leyh had no valid cause of action against them. They must, at least, show that the claim was founded upon or conceived in fraud, and that the machinery of the law was resorted to for the purpose of en-

---

[1] 27 Am. St. Rep. 143, and note.    [2] 48 Am. St. Rep. 110.

forcing what was known to be a fraudulent demand." The allegations in a complaint may be erroneous as matter of law, or they may be untrue in point of fact, and yet be made in good faith and in the belief that they are true, but if they are made with the knowledge on the part of the party making them that they are false, a judgment rendered thereon is fraudulently obtained, and should be set aside and annulled. For a plaintiff to present to a court a complaint whose averments he knows to be false, and to obtain from the court a judgment thereon, in the absence of the defendant, and without any knowledge on his part of the pendency or existence of the action, or opportunity to controvert the allegations of the complaint, or present any defense thereto, is a fraud upon the court in procuring the judgment, and the party against whom such fraudulent judgment is obtained is entitled to relief in equity. Such a judgment is not within the rule declared in *Pico* v. *Cohn,* 91 Cal. 129,[1] and in similar cases where relief is sought from a judgment charged to have been obtained by false testimony upon a controverted issue, and where the parties have had an opportunity to meet and overcome such testimony. To knowingly present to a court a false petition and have it acted upon without the knowledge of the adverse party is a fraud upon the court. (*Aldrich* v. *Barton,* 138 Cal. 220.[2] See, also, *Sohler* v. *Sohler,* 135 Cal. 323;[3] *Silva* v. *Santos,* 138 Cal. 536.) The extrinsic fraud for which a judgment may be set aside is defined by Lord Cairns in *Patch* v. *Ward,* L. R., 3 Ch. App. 207, to be "actual fraud, such that there is on the part of the person chargeable with it the *malus animus,* the *mala mens* putting itself in motion and acting in order to take an undue advantage of some other person for the purpose of actually and knowingly defrauding him." To meet this requirement the plaintiff has alleged that the averments of Weis in the former action were not only false, but that he knew that they were false, and the court has found that these charges were true. These allegations, taken in connection with her ignorance of the existence of his action against her, and the circumstances by reason of which she had failed to receive any notice thereof, were sufficient, if established by proof, to justify the court in setting

[1] 25 Am. St. Rep. 159.          [3] 87 Am. St. Rep. 98.

[2] 94 Am. St. Rep. 43, and note.

aside the judgment upon the grounds that it had been fraudulently obtained.

The only additional question to be considered is whether the evidence supports the finding that the appellant at the time of the commencement and prosecution of the former action knew that the averments of his complaint that he was the owner of the land and that the present plaintiff had no interest therein, etc., were false. We think that the evidence to support that finding was sufficient.

Whether or not the appellant knew of the falsity of the averments in question was a matter peculiarly within his knowledge, and respondent could not well be expected to produce evidence directly showing the condition of his mind on that subject. Greenleaf lays down the rule that "Where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party the averment is taken as true, unless disproved by that party" (1 Greenleaf on Evidence, sec. 79) ; and while this statement of the rule may perhaps be too broad, still it is beyond doubt the rule that in such case very slight evidence is sufficient. In *Russell* v. *McDowell,* 83 Cal. 81, this court said: "The doctrine is well established that slight proof makes out a *prima facie* case when a negative is to be proved. In all such cases rebuttal is comparatively easy, and is consequently of imperative obligation." Leaving out of view the untrue affidavit that the respondent resided in Chicago, there was sufficient evidence to warrant the court in finding that appellant knew of the falsity of his averments of his title and the want of any title in respondent. In the first place, the actual falsity of these averments was clearly shown, and appellant introduced no evidence, and made no effort whatever, to show that he did not know of such falsity. The situation was therefore one to which, we think, should be applied the rule stated in *Robins* v. *Hope,* 57 Cal. 495, that a person is "presumed to know the state of his own title to real property." Moreover, the respondent herself endeavored to get before the trial court the want of any reasonable or plausible pretense for the said averments in the complaint in the former action, but appellant frustrated her efforts in that respect, while offering nothing himself on the subject. She alleged in her complaint that the only claim of title which appellant pretended to have

to the premises in contest at the time of the said false averments was founded on two certain tax-deeds, which were invalid and of no legal consequence; but appellant moved to strike out of her complaint the allegations as to said tax-deeds, and succeeded in having them stricken out by the court. Respondent also procured an order from the court, under section 1000 of the Code of Civil Procedure, that appellant and his attorneys give her an inspection and copy of the instruments upon which appellant relied at the time of the trial of the first case, and served such order on his attorneys. In response to this order, one of appellant's attorneys handed to respondent's attorney several packages of papers, but said that he did not give them as containing any evidence or muniment of title upon which appellant had relied at the time of the trial of the former action; that he, appellant's attorney, knew nothing about that, and had never inquired of appellant upon what papers he had relied for his title; that appellant had never told him, and that he, appellant's attorney, had not been his attorney at the time of the former trial, and did not know anything about it. Among the two papers thus delivered were the two tax-deeds, which respondent offered in evidence; but upon objection of appellant that it did not appear that appellant had relied on the said deeds, they were ruled out. It appears, therefore, that respondent proved that the said averments were in fact false; that she made reasonable efforts to show that appellant had no plausible grounds for said false averments, to which efforts appellant objected; and that appellant, having the ability to show whether or not the averments were willfully false, simply stood mute. Considering these things, the court was warranted in finding that the false averments were willfully false.

The judgment and order appealed from are affirmed.