[L. A. No. 2631.   Department One.—May 12, 1911.]

THOMAS DOYLE, Appellant, v. THOMAS J. HAMPTON et al., Defendants; THOMAS J. HAMPTON, Respondent.

ALIAS SUMMONS—FORM OF—INSERTION OF NAME OF DEFENDANT.—The provision of section 408 of the Code of Civil Procedure, as to the form of an alias summons, means no more than that it shall conform to the requirements of section 407 of that code, and does not preclude the insertion therein of the name of a defendant, which, through clerical error, had been omitted from the original summons.

ID.—JUDGMENT-ROLL—ISSUANCE OF ALIAS SUMMONS ASSUMED FROM RECITALS—PUBLICATION OF SUMMONS.—Where the judgment-roll fails to show the issuance of an alias summons, but contains an affidavit of publication of such summons sufficient in form as against a defendant named therein who was not personally served, and the judgment recites that proof of service upon all the defendants had been duly shown, it will be assumed, in support of a default judgment against such defendant, in the absence of anything in the judgment-roll tending to rebut the recital of the judgment, that an alias summons, in the form set forth in the affidavit of publication, was issued prior to the publication.

ID.—TIME FOR ISSUANCE OF ALIAS SUMMONS.—In order to sustain a default judgment based upon a service by publication of an alias summons, it was not necessary that such alias summons should have been issued prior to the making of the affidavit for publication, or prior to the making of the order for publication. It is sufficient that such summons was issued at any time prior to the commencement of the publication service ordered.

ID.—VACATING JUDGMENT FOR FRAUD—FALSE STATEMENTS IN AFFIDAVIT FOR PUBLICATION—EXTRINSIC FRAUD.—An unconscionable judgment based solely upon constructive service of process, obtained without

any knowledge of the action on the part of the defendant and in such a way that no opportunity has ever been given him to be heard in his defense, will be annulled at the suit of such defendant in an action brought in a timely manner for that purpose, when it appears that the plaintiff in such action knowingly and willfully made a false showing as to material facts for the purpose of obtaining the order for service of summons by publication. Such conduct on the part of the person obtaining the judgment amounts to extrinsic fraud upon the court in procuring the judgment.

ID.—FRAUDULENT JUDGMENT QUIETING TITLE TO LAND—BONA FIDE PURCHASER.—A judgment quieting the title to land, which was so fraudulently obtained but which was valid upon its face, will not be vacated at the instance of the person defrauded, as against a subsequent *bona fide* purchaser of the land, who acquired it upon the faith of the judgment, for a valuable consideration, and without notice or knowledge of any fact tending to show fraud in the matter of obtaining the judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Munson & Barclay, and H. E. Storrs, for Appellant.

Schweitzer & Hutton, for Respondent.

ANGELLOTTI, J.—This action was brought by plaintiff to have it adjudged that he is the owner of a lot of land in the Lewis Tract, Los Angeles County, that the defendants Hampton, Lewis, and Rich, have no interest therein, and that a certain judgment in favor of Lewis in an action brought by him against plaintiff and others, adjudging said Lewis to be the owner of said land, be declared void, because fraudulently obtained. The action is similar in character to that upheld in *Parsons* v. *Weis,* 144 Cal. 410, [77 Pac. 1007]. The defendants Lewis and Rich were duly served with summons, but failed to appear, and their defaults were duly entered. Defendant Hampton served and filed an answer and a cross-complaint, which were treated in the court below and are treated on this appeal as sufficiently presenting the defense that he purchased the land from Lewis in good faith and without notice of any fraud in the matter of the obtaining of

said judgment, after such judgment had become final, and paid a valuable consideration therefor. Hampton's answer has at all times been treated as sufficiently denying the allegations of fraud in the matter of obtaining such judgment. The findings of the trial court were in favor of Hampton, both upon the allegations of fraud and upon the defense of a purchase in good faith for a valuable consideration, and judgment went in his favor declaring him to be the owner of the land. This is an appeal by plaintiff from the judgment and from an order denying his motion for a new trial.

1. The judgment in the action brought by Lewis against Doyle, the plaintiff here, was not void on its face. That action was one to quiet title, commenced May 19, 1899, against Doyle and many other persons, Lewis alleging in the verified complaint therein that he was the owner of a tract of land, including the lot in controversy, and seeking a judgment accordingly. Summons therein was issued on May 19, 1899, but this summons was defective as to Doyle, for the reason that his name was omitted from the specification of persons to whom it was directed, it being directed to all of the defendants except Doyle. This summons was returned and filed in court on July 12, 1899, accompanied by affidavits showing personal service on a large number of defendants, and the inability of the deponents to find other defendants, including Doyle. Upon these affidavits, and also the affidavit of Lewis, made July 11, 1899, which made a sufficient case for an order for service of summons by publication as against Doyle and other defendants, the affidavit of Lewis being filed July 14, 1899, the judge of the trial court on July 14, 1899, made an order that service of summons be made upon Doyle and others by publication for the requisite time in a daily newspaper published in the city of Los Angeles. There was no direction for mailing as to Doyle, his residence not being known. The register of actions in such case shows that an alias summons was issued on July 14, 1899, but this summons is missing from the judgment-roll and files. The judgment-roll does contain an affidavit of publication in full accord with the order of the court of an alias summons, a printed copy of which alias summons is attached to such affidavit. This printed copy shows the name of Doyle among the names of the persons to whom the summons was directed. Doyle failed to appear,

and his default was regularly entered. The judgment, given January 20, 1900, and entered February 1, 1900, recites that proof of service on all of the defendants was duly shown, and that the default of defendant Doyle and other defendants had been duly entered. By the judgment it is substantially decreed that Lewis is the owner of the land in controversy, and that his title is quieted as against all the defendants.

The only points made in support of the claim that the judgment is void on its face relate to the defect in the original summons, the alleged want of showing of the issuance of an alias summons, the form of the alias summons if one is to be held to have been issued, and the time of the issuance of such alias summons. As to the defect in the original summons, viz.: the omission of Doyle's name from the names of those to whom the summons was directed, and the form of the alias summons, a copy of which is attached to the affidavit of publication and shows the inclusion of Doyle's name as one of those to whom the summons was directed, the point is that the law in regard to the issuance of an alias summons (Code Civ. Proc., sec. 408), provides that the same shall be "in the same form as the original." Section 407 of the Code of Civil Procedure provides what shall be the form and contents of a summons, viz.: that it must be directed to the defendant, signed by the clerk and issued under the seal of the court, and must contain: 1. The names of the parties, the court in which the action is brought, and the county in which the complaint is filed; 2. A direction that defendant appear and answer the complaint within a specified time, and 3. Notice that unless he does so appear and answer, that plaintiff will take judgment for the money or damages demanded, or will apply to the court for any other relief demanded in the complaint. The provision of section 408 of the Code of Civil Procedure as to the form of the alias summons means no more than that it shall conform to the requirements of section 407 of the Code of Civil Procedure, and did not preclude the insertion therein of the name of a defendant, which, through clerical error, had been omitted from the original summons. As to the failure of the judgment-roll to show the issuance of an alias summons, it must be assumed in support of the judgment, in view of the affidavit of publication of an alias

summons sufficient in form as to Doyle and the recital in the judgment that proof of service upon all the defendants had been duly shown, and in the absence of anything in the judgment-roll tending to rebut the recital of the judgment, that the alias summons, in the form set forth in the affidavit of publication, was issued prior to the publication. (*People* v. *Davis*, 143 Cal. 673, 678, [77 Pac. 651].) It was not necessary that such alias summons should have been issued prior to the making of the affidavits for publication, or prior to the making of the order for publication. It is certainly sufficient that such summons is issued at any time prior to the commencement of the publication service ordered.

2. There was never any personal service of summons on Doyle in the action against him by Lewis, and the decree against him is based exclusively on the constructive service already shown. Doyle never had any actual notice of such action or the judgment against him therein until some time in the month of June, 1906. He states in his complaint in this action facts tending to show not only that he was the absolute owner of the land in controversy at the time of the commencement of the action by Lewis against him to quiet title, and that he never had any notice or knowledge of the action, but also tending to show that Lewis in his verified complaint in that action, which constituted a part of his showing for an order for publication of summons, and also in his affidavit presented in support of his application for such order for publication, willfully and knowingly made false statements which were material, and that, consequently, he obtained such order for publication of summons by the practice of fraud. Plaintiff's complaint in this behalf clearly brings him within the doctrine of such cases as *Dunlap* v. *Steere*, 92 Cal. 344, [27 Am. St. Rep. 143, 16 L. R. A. 361, 28 Pac. 563], and *Parsons* v. *Weis*, 144 Cal. 419, [77 Pac. 1007], to the effect that an unconscionable judgment, based solely upon constructive service of process, obtained without any knowledge of the action on the part of the defendant and in such a way that no opportunity has ever been given him to be heard in his defense, will be annulled at the suit of such defendant in an action brought in a timely manner for that purpose, when it is made to appear that the plaintiff in such action knowingly and willfully made a false showing as to material

facts for the purpose of obtaining the order for service of summons by publication. Such conduct on the part of the person so obtaining the judgment is held to be extrinsic fraud upon the court in procuring the judgment, and a judgment so obtained is not within the rule declared in *Pico* v. *Cohn,* 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537], and in similar cases where relief is sought from a judgment charged to have been obtained by false testimony upon a controverted issue, and where the parties have had an opportunity to meet and overcome such testimony. (*Parsons* v. *Weis,* 144 Cal. 419, [77 Pac. 1007].)

But assuming that the findings of the trial court negativing the charges of such fraud are not altogether sustained by the evidence, as is contended by learned counsel for plaintiff, the difficulty with their case is that the rule declared by the cases above cited and here invoked cannot be applied as against the rights of innocent third parties. (See *Hayden* v. *Hayden,* 46 Cal. 332, 342.) Whatever may be plaintiff's rights as against Lewis, we have here involved the rights of defendant Hampton, who is substantially found by the trial court to have acquired the property upon the faith of a judgment valid upon its face, for a valuable consideration, and without notice or knowledge of any fact tending to show fraud in the matter of obtaining the judgment. An examination of the record develops very clearly that there was evidence legally sufficient to sustain these findings, the best that can be said for plaintiff in this regard being that there is some conflict in the evidence. Under such circumstances, an appellate court must accept the conclusion of the trial court as correct. The judgment in the former action being valid on its face, those findings entirely dispose of plaintiff's case, and compel an affirmance of the action of the trial court.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.

In denying the petition for a hearing in Bank the court, on June 10, 1911, rendered the following opinion:—

THE COURT.—In response to the petition for rehearing, it is proper to say that we fully realize the apparent hardship of the case so far as the plaintiff is concerned. But so far as the defendant Hampton is concerned, we see no force in any of the points made by counsel for plaintiff, all of which are correctly decided in the department opinion. We do not hold that plaintiff is without remedy by way of damages as to defendant herein, whose default was regularly entered, and as to whom no judgment has been given. Whether or not such relief can now be awarded against him in this action is a question that has never been suggested by counsel either in the lower court or in this court.

The petition for rehearing is denied.