[Civ. No. 1304. Second Appellate District.—January 31, 1913.]

HELEN ZUMBUSCH, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES, and HON. CHARLES MONROE, Judge, and OSCAR T. ZUMBUSCH, Respondents.

PUBLICATION OF SUMMONS—AFFIDAVIT NOT FILED—PRODUCTION IN COURT —REFUSAL TO HEAR CAUSE—MANDAMUS.—Where the record upon an application for a writ of *mandamus* to compel the hearing of a cause, in which publication of the summons was ordered, shows that after the lapse of the required time, the default of the defendant was entered, but the court declined to hear the cause, for the reason that no affidavit for publication was on the files of the court, notwithstanding the plaintiff produced the original affidavit in court, and ordered the cause to be stricken from the calendar and that a new publication should be made, the writ of *mandamus* will be

granted to compel the court to reinstate the cause, and proceed as expeditiously as is possible with the hearing thereof.

ID.—PROPER PROCEDURE AT HEARING—SHOWING AFFIDAVIT—QUESTION OF JURISDICTION—POWER OF COURT.—It seems that the affidavit for publication of summons should be on file or before the court when the case is called for trial, that the court may determine the question of jurisdiction arising from the service of process. A previous order directing the publication of summons could only be made upon a sufficient affidavit, and if the trial court finds necessary facts omitted therein, it has the power to vacate the order for such publication on the ground that jurisdiction of the person has not been properly and regularly required. But if the order for such publication is not void, the court has no power to set it aside except on motion made within a reasonable time, or by action when all necessary parties have an opportunity to be heard.

ID.—AFFIDAVIT ADMITTEDLY SUFFICIENT—JURISDICTION ACQUIRED NOT TO BE DIVESTED—DISRESPECTFUL CONDUCT OF COUNSEL.—Where the affidavit presented before the court is admittedly sufficient and the court has acquired complete jurisdiction of the person and of the subject matter, it could not divest itself of such jurisdiction, even though the conduct of the counsel in presenting the cause was disrespectful. The statute provides a manner thorough which courts may punish for violation of section 1209 of the Code of Civil Procedure.

APPLICATION for Writ of Mandate to the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

A. W. Sorenson, for Petitioner.

H. W. Hanson, for Respondents.

ALLEN, P. J.—In *mandamus.* The affidavit and return disclose the commencement of an action by petitioner in the superior court, and the presentation to a judge thereof of an affidavit sufficient in form and substance to warrant an order for publication of summons. Such order was made and followed by the publication and mailing as by said order directed. Defendant's default was regularly entered by the clerk and the cause set down for trial. Upon the day set for the trial it was discovered by the judge that the affidavit upon which the order for publication was made was not among the files,

and thereupon the trial court, upon its own motion, struck the case from the calendar, ordered a new affidavit for publication, and directed a new order to be obtained. Counsel for plaintiff being present, presented to the clerk the original affidavit and the same was filed; and thereupon counsel moved the court to proceed with the trial, or to designate a day for the trial thereof. The trial judge refused to reinstate the case upon the trial calendar, and refused to hear the cause or to exercise jurisdiction in the premises, for the reason that the judge making the order for publication had no jurisdiction to make such order until the affidavit presented in support thereof was filed.

Petitioner in this proceeding seeks a writ of mandate requiring the trial judge to reinstate or place said cause upon the trial calendar and to proceed at its earliest convenience to hear and determine said cause. It is conceded that the sole question presented relates to the proper construction which should be given to sections 412 and 670 of the Code of Civil Procedure. The first named section provides: ''Where the person on whom service is to be made resides out of the state; . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; . . . such court or judge may make an order that the service be made by the publication of the summons.'' Section 670 determines what shall constitute the judgment-roll and directs the clerk, immediately after entering the judgment, to attach together and file certain papers, among which is the affidavit for publication of summons. The evident theory of the learned trial judge was that section 670, when construed in connection with section 412, indicated a legislative intent to require the filing of the affidavit before presentation, without which filing the clerk could not attach the same to the judgment-roll. We think this construction is answered by our supreme court in the case of *Parsons* v. *Weis,* 144 Cal. 415, [77 Pac. 1010], where it is said: ''Where the person upon whom service is to be made resides out of the state, the jurisdiction of the court to order the service of the summons by publication is brought into exercise by the presentation of an affidavit stating this fact.'' This decision was rendered after the amendment of section 670 requiring the attaching of the affidavit to the judgment-roll. It may be, and probably it is, true that such affidavit should

be on file, or be before the court when the case is called for trial, that the court may determine the question of jurisdiction arising from service of process; for we take it that, even though a previous order was made directing service by publication, it could only be made upon a sufficient affidavit, and the trial court, if upon re-examining the affidavit finds that statements of fact required to be incorporated therein were omitted, possesses the power upon its own motion, to vacate the order previously made or to decline to try the case, because jurisdiction of the person had not been properly and regularly acquired. The power of the court upon its own motion to vacate a void order previously made cannot be questioned. (*People* v. *Davis,* 143 Cal. 675, [77 Pac. 651].) Upon the other hand, if the order for publication was not void, the court has no power to set it aside, except upon motion made within a reasonable time, or by action where all interested parties have an opportunity to be heard. (*People* v. *Temple,* 103 Cal. 453, [37 Pac. 414].) We are of opinion, then, that the affidavit presented before the issuance of the order being admittedly sufficient, the · court possessed the right to make the order for publication, and that proof of compliance therewith conferred jurisdiction over the person of defendant, even though such affidavit was not placed on file until the day when the action was called for trial; that the court having jurisdiction of the person and subject matter, could not arbitrarily refuse to hear the action and deny a motion to place the cause upon the trial calendar, even though it might properly refuse to proceed with the trial until the affidavit was on file. We think it unnecessary to consider that portion of the order made by the trial court in refusing to hear the cause, through which it directed a new affidavit and the obtaining of a new order. Even if the original order was void, the court could not compel a new one, its function being confined purely to a determination of the character of the original order. The court having acquired complete jurisdiction, it could not divest itself of such jurisdiction, even though the conduct of counsel in presenting their cause was disrespectful. The statute provides a manner through which courts may punish for violation of section 1209 of the Code of Civil Procedure.

Let the writ issue, then, commanding respondent to place said cause upon the trial calendar at its earliest convenience, and to hear and determine said cause upon its merits.

James, J., and Shaw, J., concurred.